Galveston & Western Railway Company v.
City of Galveston.

Decided November 3, 1903.

**1.—City Taxes—Recovery—Interest.**

The right of the city of Galveston to recover for delinquent taxes, with interest thereon at 8 per cent, is affirmed in accordance with the rulings of the Supreme Court upon certified questions in this case, as reported in 96 Texas, 520.

**2.—Same—Pleading.**

Allegations as to the levy and assessment of city school taxes stated and held sufficient in an action to recover such taxes.

**3.—Same—Double Assessment.**

A rendition and assessment of several miles of railroad lying within the city limits, by which the trackage and the realty—the latter consisting of lots. and blocks purchased and owned by the railway company for right of way—were valued as distinct items, did not constitute a double assessment.

Error from the District Court of Galveston. Tried below before Hon. Robt. M. Franklin.

*Gresham & Gresham,* for plaintiff in error.

*J. Z. H. Scott,* for defendant in error.

GILL, Associate Justice.—This suit was brought May 20, 1896, by the city of Galveston against plaintiff in error, a railroad corporation, for the purpose of recovering delinquent taxes alleged to be due the city by the company, on property owned by the company and situated in said city, together with 8 per cent interest thereon. On June 9, 1902, the pleadings of plaintiff were amended so that recovery was sought for the city taxes alleged to be due for the years 1893 to 1899, inclusive.

A trial on June 23, 1902, resulted in a judgment in favor of the city, but only 6 per cent interest was allowed.

The property alleged to be liable for taxes for each year is fully described, and the total tax per $100 for municipal purposes and the total tax for school purposes is alleged, but the various municipal purposes for which the municipal tax was levied, and the various funds for the benefit of which they are levied, is not alleged. The allegations as to the levies of the municipal and school taxes for the first year sued for are as follows: "Plaintiff's city council by ordinance duly passed levied and ordered to be collected ad valorem taxes amounting to $1.50 for municipal purposes and 20 cents for the support of public schools upon each $100 valuation of all real, personal and mixed property within the corporate and territorial limits of the city of Galveston," and the allegation is repeated as to the taxes alleged to be due for each year sued for. The petition then alleges that on the 1st day of January and the 1st day of October of said year certain property, a list of which is set forth, was situated in said city and subject to taxation under said ordinances, and sufficiently alleges its rendition valuation, assessment, etc.

These are the entire allegations with reference to the passage of the

ordinances by which the taxes were levied and assessed, nor is the city's authority to levy, assess and collect taxes for the support of public schools, nor the ordinances by which such taxes were levied, otherwise alleged. It is not averred that the city by a vote of its citizens assumed control of its public schools, nor that the tax levied for school purposes was authorized by a vote of the citizens.

There is no allegation of acceptance of the assessment rolls by the city council for any of the years sued for.

The pleadings are lengthy and we have set out only such parts as are necessary to the presentation of the questions decided.

1. In the petition of plaintiffs on which the case was tried it was alleged that, by the ordinance levying the taxes sued for, "the taxes for municipal purposes for each year were made and became payable September 1st of such year, and bore interest at the rate of 8 per cent per annum from and after October 1st of such year, and such taxes for the support of free schools were made and became payable January 1st of the year next succeeding such year, and bore interest at the rate of 8 per cent per annum from March 1st thereof."

2. It is alleged by plaintiff that the valuation of defendant's property for taxation for the years 1897, 1898 and 1899, upon which the taxes for those years as sued for were based, was made and the property appraised for taxation by plaintiff's board of equalization. But as stated in the main certificate, the formal acceptance and approval of the rolls by the city council is nowhere alleged, either as to the years above named or any of the other years sued for.

To the amended petition the defendant company interposed a general demurrer and a special demurrer questioning the right of the city to recover interest on the taxes sued for. Exception was also presented as to the sufficiency of the allegations respecting the school taxes. These were overruled and a trial by the court without a jury resulted in a judgment for the amount claimed, interest at 6 per cent, and costs with foreclosure of the tax liens. From this judgment the company has appealed.

As far as the facts are concerned it will suffice to say that the evidence sustains the findings of the trial court and supports the judgment. As grounds for reversal appellant urges:

First. That the court erred in overruling the general demurrer and holding that the ordinances levying the municipal taxes were sufficiently pleaded.

Second. That the court erred in holding as against the general demurrer that the city ordinances levying the school taxes for the years 1898 and 1899 were properly pleaded and that the allegations as to the assessment for said school taxes are sufficient in law.

Third. That the special exception questioning the city's right to recover interest should have been sustained.

Fourth. That the facts show a double assessment and the court erred in not correcting the error.

The city under a cross assignment asks that the judgment be reformed so as to allow the recovery of the 8 per cent interest as sued for.

The first, third and fourth questions presented were certified by us

to the Supreme Court and each was answered contrary to the contention of appellant.   74 S. W. Rep., 537.

The question presented by the cross-assignment was also certified, and the answer sustains the contention of appellee.

Of the questions raised by demurrer there remains but the one affecting the sufficiency of the allegations as to the levy and assessment of the school taxes, and in view of the answers of the Supreme Court to the first question they appear to be sufficient as against the objections formally pr'sented in the brief.

Under the contention that the facts show a double assessment, appellant insists that the court should have corrected the apparent error notwithstanding it was the rendition of defendant's agent.

The facts upon this point are that of the 5 3-10 miles of defendant's road which lie within the city limits the greater part is located in the streets of the city, the remainder lying across certain lots and blocks, purchased and owned by defendant for right of way.   The property was originally rendered by the company's agent, the railway or trackage being rendered distinct and separate from the lots and blocks, and trackage and realty being valued as distinct items.   All subsequent renditions or assessments were copies of the original.   We are of opinion it is not in fact a double assessment.   The fact that the rendition was not in statutory form can not be taken advantage of by the company when the form and substance adopted by it were thereafter followed.

We have found no error for which the judgment should be reversed. It should be reformed, however, in the matter of interest so that the city be permitted to recover 8 per cent as held by the Supreme Court in sustaining the cross-assignment.

As so reformed it will be affirmed.

*Reformed and affirmed.*

Writ of error refused.