## Bryan's Adm'r v. Harvey's Adm'r.

The Assessor and Collector, not the Sheriff, under the State organization, became the "successor" of the Sheriff, as tax collector under the Republic.

The Act of February 5th, 1842, (Hart. Dig. Art. 3057,) to amend an Act entitled an Act to raise a revenue by direct taxation, enacted that where land was sold for taxes, the tax collector should give the purchaser a certificate, and that if the land was not redeemed within one year, the tax collector, or his successor in office, should make to the purchaser a quit claim deed, &c. ; the Act of May 13th, 1846, (Hart. Dig. Art. 3106,) contained no provision respecting taxes previously levied, nor respecting cases where certificates of purchase were outstanding, and contained no words of repeal, but provided that where sales were afterwards made the deed should be delivered immediately ; *Held,* That the Assessor and Collector under the State, was the successor of the tax collector under the Republic, but that the latter Act substituted new and different provisions from those embraced in the former, comprehending the entire subject matter, and of course, effected an entire repeal of it, and that therefore the Assessor and Collector had no authority to make a deed to a purchaser from his predecessor, the tax collector under the law of 1842, on presentation of a certificate, &c.

Appeal from Galveston. This was an action of trespass to try title. The plaintiffs claimed the premises, in question, as the purchaser at a sale thereof for taxes, under the provisions of the Act of the 5th of February, 1842. (Hart. Dig. Art. 3056, 3057.) The sale was made on the 5th day of March, 1846, by Wilson, Sheriff, elected and acting under the laws of the Republic ; and a receipt was given pursuant to the 13th Section of the Act referred to. (Id. Art. 3057.) After the expiration of a year from the date of the sale, on the 12th day of July, 1847, the purchaser produced to Bryan, Sheriff, elected after the organization of the State government, his receipt; and the Sheriff thereupon, assuming to act as the successor in office of Wilson, made to the purchaser a deed to the premises. The Assessor and Collector of the county, also elected after the organization of the State government, at the same time, made to the purchaser a deed to the property. Both deeds were offered in evidence by the plaintiff, and were excluded

by the Court. There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Sherwood & Goddard*, for appellant. (The briefs for both parties, in this case, were confined to the question whether either the Sheriff or Assessor was "successor" to the tax collector of the Republic.—REP.)

*H. N. & M. M. Potter*, and *Jones & Ballinger*, for appellee.

WHEELER, J. The statute, under which the premises in controversy were sold, provides that the tax collector shall give to the purchaser at the sale for taxes, a receipt; and that, if the property is not redeemed within one year, the tax collector or his successor in office, shall make to the purchaser a deed therefor. (Dig. Art. 3057.) The question to be determined is, whether either the Sheriff, or the Assessor and Collector had authority, on the 12th day of August, 1847, to make to the purchaser in this case, the deed contemplated by the statute.

It is insisted, and we think, justly, that Sheriff Bryan was not the successor of Sheriff Wilson, in the office of tax collector. The latter, by the laws of the Republic, in force when he made the sale in question, was, by virtue of his office of Sheriff, entrusted with the duty of collecting the taxes. He was as well tax collector as Sheriff; discharged at the same time, the duties of both offices. Sheriff Bryan was elected under the State law of the 12th of May, 1846; (Dig. Art. 2881 *et seq.;*) and was invested with no such authority. He was not required, nor authorized to perform the duties appertaining to the office of tax collector: and, consequently, he was not the successor of the former Sheriff, in that office.

But the same cannot be said of the Assessor and Collector of taxes. The duties of the office of tax collector were conferred on that officer by the Act of May 13th, 1846. (Dig.

Art. 3088 *et seq.*) As such, he succeeded to the officer who made the sale in this case: and, it is conceived, he might well perform any duty enjoined or conferred upon that office by authority of any existing law.

But a more serious objection to the power of the Assessor and Collector, to make the deed, contemplated by the Act of February 5th, 1842, than his supposed want of succession in office, to the former tax collector, is to be found in the fact, that the statute, conferring the authority, was repealed previous to the time appointed for making the deed in this case. The Act of the 13th May, 1846, substitutes new and different provisions, for those embraced in the Act of 1842, comprehending the entire subject matter, and, of consequence, effecting an entire repeal of that Act. The power to make the deed in this case, was conferred solely by this repealed statute. (Art. 3057.) It was a naked power, not coupled with an interest, and was necessarily revoked and determined by the repeal of the statute conferring it. There was no law in force, conferring on the Sheriff or tax collector, authority to make the deed in question at the time of its execution: and it is clear that the officer could not legally perform acts not authorized by any existing law. (Butler v. Palmer, 1 Hill (N. Y.) R. 324.) The deeds in question, therefore, must be held to have been unauthorized and void; and, consequently, inadmissible to show title in the plaintiff. The Court did not err in refusing to admit them in evidence; and the judgment is affirmed.

Judgment affirmed.