## Galveston & Western Railway Company v. City of Galveston.

### No. 1209. Decided May 25, 1903.

**1.—Action for City Taxes—Alleging Levy.**

In an action to recover city taxes an allegation that the city, by ordinance duly passed, "levied and ordered to be collected ad valorem taxes amounting to $1.50 on the $100, for municipal purposes, was sufficient on general demurrer; it was not necessary to set out the acts which constituted the levy, nor the various municipal purposes or funds for which the tax was levied. (Pp. 523, 525.)

**4.—Constitution—Interest on Delinquent Taxes.**

A city charter authorizing the collection of interest on delinquent taxes at 8 per cent from the dates when they were made payable by its ordinances is not rendered invalid by either sections 1 or 2 of article 8 or section 56 of article 3 of the Constitution of the State. (P. 525.)

**3.—Repeal—Preservation of Rights Under Former Law.**

The right to recover interest upon delinquent taxes given by the former charter of the city of Galveston was not repealed by sec. 93 of the act granting its new charter (Laws, 27th Leg., p. 145). Sections 1, 54 and 60 of the new charter preserved such right under the former one. (Pp. 525, 526.)

**4.—Constitution—Interest on Delinquent Taxes.**

Article 16, sec. 11, of the Constitution, regulates the interest to be charged only in cases of contract where no rate is agreed on, and does not apply to cases not arising on contract nor prohibit the Legislature from authorizing the collection of a higher rate upon delinquent taxes. (P. 526.)

**5.—Unconstitutional Law—Repealing Clause.**

If the new charter of the city of Galveston be held void because of the unconstitutionality of the commission feature therein (Ex parte Lewis, 73 S. W. Rep., 811) the repealing clause fell with it, leaving the former charter in force and rights of action given the city thereby maintainable. (Pp. 526, 527.)

Questions certified from the Court of Civil Appeals for the First District on error from Galveston County.

*Gresham & Gresham,* for plaintiff in error.—Where a municipal corporation that is authorized by its charter to annually levy, by ordinance,

a certain rate of taxation on the assessed value of all property within its limits, brings suit to collect a tax claimed to have been levied, the ordinance levying the tax and the ordinance providing for the assessment must be substantially set forth or specifically pleaded. Andrew's Stephen on Pleading, sec. 108; Rev. Stats., arts. 1183, 1187; Collins v. Warren, 63 Texas, 318; Galveston Charter, sec. 82; Charter of 1881, sec. 131; Constitution, art. 11, sec. 6; Rev. Stats., art. 918a.

Before a city can enforce the collection of a school tax it must allege and prove that the property taxpayers within its corporate limits have decided by a vote to assume control of its public free schools and that thereafter the tax levied was authorized by a vote of two-thirds of such taxpayers.

The ordinance levying the school taxes must show the city's authority for making the levy and must be specially pleaded, as must also the ordinance directing the assessment. Rev. Stats., arts. 4004, 4026; Constitution, art. 11, sec. 10; Breath v. City of Galveston, 92 Texas, 456; Erie Telegraph Co. v. Grimes, 82 Texas, 94; Collins v. Warren, 63 Texas, 318; Holman v. Criswell, 13 Texas, 38; Whitaker v. Record, 25 Texas Supp., 383; Dillon on Mun. Corp., secs. 423, 413, 83; Galveston Charter, secs. 22, 79, 91.

The provisions of the city charter requiring city taxes to bear 8 per cent interest and directing the city collector to collect the same are legislative acts levying or fixing the interest and directing its collection, and are therefore unconstitutional and void. Constitution, art. 3, secs. 48, 55, 66; art. 8, secs. 1, 3; art. 11, sec. 5; Storrie v. Street Railway Co.., 92 Texas, 139; City of Dallas v. Western Elec. Co., 83 Texas, 243; Cave v. City of Houston, 65 Texas, 622; Connor v. City of Paris, 87 Texas, 34; Constitution, art. 16, sec. 11; Heald v. State, 36 Me., 62,; Brien v. Williamson, 8 Miss., 14; State v. Woodward, 89 Ind., 110; Law v. People, 87 Ill., 385; Cooley's Const. Lim., 100; Maryland v. Baltimore & O. Railway Co., 3 How., 534; Constitution, art. 11, sec. 36; art. 16, sec. 11; Rev. Stats., arts. 3097, 3098; Constitution of U. S., art. 1, sec. 10, clause 1; Galveston Charter, 1901, secs. 60, 93; Ollivier v. City of Houston, 93 Texas, 206; Collins v. Warren, 63 Texas, 311; Belvidere v. Warren Railway Co., 34 N. J. L., 196; Pacific, etc., Telegraph Co. v. Commonwealth, 66 Pa. St., 70; Hartford v. Champion, 58 Conn., 268; Hampton v. Commonwealth, 19 Pa. St., 329; Norris v. Crocker, 13 How., 429; Commonwealth v. Standard Oil Co., 101 Pa. St., 119; 23 Am. and Eng. Enc. of Law, 502, 503, note 3, 506; Anding v. Levy, 57 Miss., 58; Allen v. Farrow, 2 Baily, S. C., 584; Suth. Stat. Const., sec. 165; 3 Southern Law Rev., 33-36; United States v. Tynen, 11 Wall., 88; Norris v. Crocker, 13 How., 429; Sedgwick, Const. and Stat. Law, 112; Lawson, Rights and Remedies, secs. 3780-3787; Beebe v. O'Brien, 10 Wis., 481; Commonwealth v. Marshall, 11 Pick., 350.

Where the assessment rolls and the findings of the court show that property has been assessed twice and that the taxes levied are charged

upon each of such assessments, the same is double taxation and is illegal and void.

*J. Z. H. Scott,* for defendant in error. [*P. A. Drouilhet,* of counsel.]— The court did not err in overruling the general demurrer to the plaintiff's petition. On general demurrer every reasonable intendment will be indulged in favor of the pleadings excepted to. Gulf, W. T. & P. Railway Co. v. Montier, 61 Texas, 122; Martin v. Brown, 62 Texas, 467; Railway v. Morris & Crawford, 68 Texas, 59; Stone v. Day, 69 Texas, 16; Yoe & Harris v. Montgomery, 68 Texas, 340; Wynn v. National Bank, 82 Texas, 382. All facts pleaded are admitted by general demurrer. J. C. School Inc. v. Trustees, 81 Texas, 152; George v. Vaughn, 55 Texas, 131; Williams v. Warnell, 28 Texas, 612, and cases cited. When petition has a number of counts, if any one shows a cause of action general demurrer should be overruled. Staples v. Llano Co., 9 Texas Civ. App., 201; W. M. & N. Railway Co. v. Granger, 85 Texas, 577; Buchanan v. Bilger, 64 Texas, 594; Oliphant v. Markham, 79 Texas, 547; Ward v. Ward, 1 Posey U. C., 126; Ellis v. Vernon Ice Co., 4 Texas Civ. App., 69. When general demurrer only is filed to pleadings below, specific reasons of objection should not be considered on appeal. Irvin v. Ellis, 76 Texas, 166. Municipal ordinances are sufficiently pleaded when their legal effect is alleged. City of Austin v. Walton, 68 Texas, 510. When special causes of exception are assigned, others not assigned will be regarded as waived. Crayton v. Munger, 9 Texas, 292; Teas v. McDonald, 13 Texas, 354. Verdict cures defects in the petition or statement of the cause of action. De Witt v. Miller, 9 Texas, 245; Schuster v. Frendenthal, 74 Texas, 55; Henley v. Birdsell, 1 White & W. C. C., sec. 1184; Johnson v. Dowling, 1 White & W. C. C., sec. 1093.

The court did not err in overruling the special demurrer. Galveston Charter (1876), sec. 91a; Constitution, art. 2; art. 3, sec. 1; art 4, sec. 55; art. 11, sec. 5; Luehrman v. Taxing District, 2 Lea (Tenn.), 444; Ollivier v. City of Houston, 93 Texas, 211; Endlich on Interp. of Stats., secs. 178, 320.

The provisions of the city charter requiring city taxes to bear 8 per cent interest, and directing the collection of same, are constitutional and valid, City of Dallas v. Western Electric Co., 83 Texas, 243; City of Paris v. Connor, 87 Texas, 32; Storrie v. Street Railway Co., 92 Texas, 129; Heirs of Pierre v. Investment Assn., 10 Texas Civ. App., 453; Cave v. City of Houston, 65 Texas, 621; Ollivier v. City of Houston, 93 Texas, 201; Constitution, art. 11, sec. 5; Constitution, art. 3, sec. 55; Charter City of Galveston, sec. 95a; Charter City of Galveston, sec. 97.

The city authorities of the city of Galveston had the power and authority to maintain this suit at the time (June 23, 1903) the judgment was rendered. No point was made, on the appeal from the District Court touching the organization of the plaintiff municipal corporation at the time of trial, whether it was under the charter of 1876 or that of 1901. In the absence of matter of record to the contrary, the Court of Civil

Appeals, and this court also must hold that in giving judgment for the plaintiff the District Court ascertained so far as it was a matter of fact, that plaintiff was legally competent to sue, for that was a fact necessarily found in order to render the judgment that was rendered.    Milam County v. Robertson, 47 Texas, 231; McClelland v. Moore, 48 Texas, 361; Hoke v. Brackett, 28 Texas, 446; Sawyer v. Boyles, 21 Texas, 28. Moreover, in the absence of a sworn plea impeaching the necessary general allegation of incorporation, the fact will be taken as proven.    Rev. Stats., art. 1265, clauses 2 and 7.

BROWN, Associate Justice.—Certified questions from the Court of Civil Appeals of the First Supreme Judicial District, as follows:

"In this cause now pending before us on writ of error the questions hereinafter set out have arisen and we deem it wise to certify them to your honorable court for decision.

"This suit was brought May 20, 1896, by the city of Galveston against plaintiff in error, a railroad corporation, for the purpose of recovering delinquent taxes alleged to be due the city by the company, on property owned by the company and situated in said city, together with 8 per cent interest thereon.    On June 9, 1902, the pleadings of plaintiff were amended so that recovery was sought for the city taxes alleged to be due for the years 1893 to 1899 inclusive.

"A trial on June 23, 1902, resulted in a judgment in favor of the city, but only 6 per cent interest was allowed.

"The property alleged to be liable for taxes for each year is fully described and the total tax per $100 for municipal purposes and the total tax for school purposes is alleged, but the various municipal purposes for which the municipal tax was levied and the various funds for the benefit of which they are levied is not alleged.    The allegations as to the levies of the municipal and school taxes for the first year sued for are as follows: 'Plaintiff's city council, by ordinances duly passed, levied and ordered to be collected ad valorem taxes amounting to $1.50 for municipal purposes and 20 cents for the support of public schools upon each $100 valuation on all real, personal and mixed property within the corporate and territorial limits of the city of Galveston,' and the allegation is repeated as to the taxes alleged to be due for each year sued for. The petition then alleges that on the 1st day of January and the 1st day of October of said year certain property, a list of which is set forth, was situated in said city and subject to taxation under said ordinances and sufficiently alleges its rendition, valuation, assessment, etc.

"These are the entire allegations with reference to the passage of the ordinances by which the taxes were levied and assessed, nor is the city's authority to levy, assess and collect taxes for the support of public schools, nor the ordinances by which such taxes were levied, otherwise alleged.    It is not averred that the city by a vote of its citizens assumed control of its public schools, nor that the tax levied for school purposes was authorized by a vote of the citizens.

"There is no allegation of acceptance of the assessment rolls by the city council for any of the years sued for.

"The pleadings are lengthy and we have set out only such parts as are necessary to the presentation of the questions certified.

"To the amended petition the defendant company interposed a general demurrer and a special demurrer questioning the right of the city to recover interest upon the taxes sued for. The court overruled both demurrers.

"In response to a motion on the part of defendant in error we supplement our original certificate herein with the following additional extracts from the petition, which are believed to be material to the questions propounded:

"1. In the petition of plaintiff on which the case was tried it was alleged that by the ordinance levying the taxes sued for 'the taxes for municipal purposes for each year were made and became payable September 1st of such year and bore interest at the rate of 8 per cent per annum from and after October 1st of such year, and such taxes for the support of free schools were made and became payable January 1st of the year next succeeding such year and bore interest at the rate of 8 per cent per annum from March 1st thereof.'

"2. It is alleged by plaintiff that the valuation of defendant's property for taxation for the years 1897, 1898 and 1899, upon which the taxes for those years as sued for were based, was made and the property appraised for taxation by plaintiff's board of equalization. But as stated in the main certificate, the formal acceptance and approval of the rolls by the city council is nowhere alleged either as to the years above named or any of the other years sued for.

"With reference to the fourth question propounded, we desire to add that the record does not disclose either by allegation or proof that the city of Galveston has organized under the special charter approved April 18, 1901, or that it ceased to operate under its old charter.

"First Question. Did the court err in overruling the general demurrer.

"Second Question. Did the court err in overruling the special demurrer.

"The trial court found upon sufficient evidence that the taxes were due and unpaid as alleged, but declined to render judgment for 8 per cent interest as prayed for and adjudged interest at only 6 per cent.

"Third Question. Was the city entitled to collect 8 per cent on the delinquent taxes sued for?

"In view of the recent decision of the Court of Criminal Appeals in Ex parte Lewis, holding the commission feature of the charter of 1901 of the city of Galveston unconstitutional, we propound the further question:

"Did the city authorities of the city of Galveston have the power and authority to maintain this suit at the time the judgment herein was rendered?"

To the first question we answer, "No." Section 79 of the charter of the city of Galveston, enacted in the year 1876, authorized the said city by ordinance "to levy and collect taxes not exceeding one and one-half per cent on the assessed value of all real estate," etc. The petition alleged that, "by ordinance duly passed, the city of Galveston levied and ordered to be collected ad valorem taxes amounting to $1.50 on the $100 for municipal purposes." This was a sufficient allegation of the levy. Lockhart v. City of Houston, 45 Texas, 323; Parker v. City of Jacksonville, 37 Fla., 352; Town of Elma v. Carney, 4 Wash., 420. It was not necessary to set out the acts which constituted the levy. These allegations showed a good cause of action for the municipal taxes, and the general demurrer could not be sustained although other causes of action embraced in the petition might not be sufficiently alleged.

We answer the second question in the negative. By the special exception the appellant raised the question that the city of Galveston could not collect the interest: first, because the law which empowered the city to collect interest was contrary to article 8, sections 1 and 3, and to article 3, section 56, of the Constitution of this State. We deem it unnecessary to enter into a discussion of this objection; but it is sufficient to say, that there is no conflict between those articles of the Constitution and section 95a of the amended charter enacted in 1891, which section is in the following words: "All taxes, general and special, including taxes for public schools, and assessments for local improvements, shall bear interest from the respective dates at which they may, by ordinance, be made payable, at the rate of 8 per cent per annum." Second, it is also urged that the forgoing section was repealed by section 93 of the act which granted a new charter to the city of Galveston, approved April 18, 1901. See laws 27th Leg., p. 145. It is a well settled rule of law, that when a right depends solely upon a statute which is repealed, the right ceases to exist unless by the terms of the repealing law the right claimed is either directly or by fair implication preserved, in which case the repeal of the statute will not destroy the right claimed thereunder. Town of Belvidere v. The W. R. Co., 34 N. J. Law, 193; Gorley v. Sewell, 77 Ind., 316.

The first section of the Act of 1901, which granted a new charter to Galveston, provides: "That all the inhabitants of the city of Galveston shall continue to be a body politic and corporate, with perpetual succession, by the name and style of the 'City of Galveston,' and as such they and their successors by that name shall have, exercise and enjoy all the rights, immunities, powers, privileges and franchises now possessed and enjoyed by said city, and herein granted and conferred," etc. And section 54 of that law contains these provisions: "When any real or personal property situated with [within] the territorial limits of said city has been returned delinquent, or reported sold to said city for the taxes due thereon, the board of commissioners may cause to be prepared lists of delinquents in the same manner as is provided for in section 3 of the act of the Twenty-fifth Legislature of the State of

Texas, and set out in chapter 103 of the General Laws of said Twenty-fifth Legislature, and when such list shall be certified to as correct by the president of said board of commissioners, the said board of commissioners may direct the city attorney to file suit in the District Court of Galveston County for the recovery of the taxes due on said property, together with the penalty, interest and costs of suit," etc. This section deals with taxes which had "heretofore" been assessed, authorizing suit for the recovery of the taxes as well as the interest. This could not refer to any other than the taxes which had accrued before the passage of the law and for the collection of which provision was likewise made in section 60 of the act in the following language: "All taxes due by property owners on any and all property for the year 1884 and up to and including the year 1899, and for all years to come until otherwise provided by charter, as appears upon the tax rolls of said city, may be collected by suit from delinquents and foreclosure of the lien thereon be had in any court having jurisdiction of the same," etc. Section 93, which repeals the former laws, contains the following exception: "Excepting, however, all legal ordinances, resolutions or acts heretofore passed by the city council of Galveston and any provisions of said charter of 1876, and amendments and acts relating thereto providing for the issuance and payment of either principal or interest of outstanding legal unpaid bonds of the city of Galveston." These provisions show clearly that the intention of the Legislature was to change the form of the city government of Galveston, but to preserve all of the rights of the old for the benefit of the new government. The terms of the statute are too plain for doubt to exist as to the intent of the Legislature in this matter.

We answer the third question in the affirmative. Article 16, section 11, of the Constitution of this State regulates the subject of interest and usury in the following terms: "All contracts for a greater rate of interest than 10 per centum per annum shall be deemed usurious, and the first Legislature after the amendment is adopted shall provide appropriate pains and penalties to prevent the same; but when no rate of interest is agreed upon, the rate shall not exceed 6 per centum per annum." If that provision of the Constitution did not exist the Legislature would have full power over this subject and might prescribe one rate of interest upon contracts and another upon taxes assessed against a party. The Constitution in its terms specifically and pointedly refers to the subject of contracts alone, and does not expressly or impliedly limit the power of the Legislature with regard to any claim or right that may be created otherwise than by contract. Section 93a, above quoted, is not in conflict with article 16, section 11, of the Constitution.

We answer the fourth question in the affirmative. If the Act of 1901, which granted to Galveston a new charter, be held unconstitutional and void, then the repealing clause of that act would fall with the body of it, because it could not be held that the Legislature would have repealed

all existing laws without substituting some provisions for the government of the city. If, therefore, the law of 1901 be void, the former laws are unrepealed and the city was nevertheless a municipal corporation with the power to sue and be sued. Suth. Stat. Const., sec. 175; State v. Stark, 18 Fla., 255; Childs v. Shower, 18 Iowa, 261. If the new charter be held constitutional, of course the city can maintain the suit. The validity of the new charter is not presented by the facts certified.