## C. J. STEWART V. B. H. LATTNER.

### Decided January 16, 1909.

**1.—Usury—Act Construed.**

The effect of the Act of April 18, 1907 (Gen. Laws, 1907, p. 277), amending art. 3106, Rev. Stats., concerning the penalty for usury, was to enlarge the statute in respect to the venue of suits brought under it and to limit the amount of the recovery to double the amount of the usurious interest paid, instead of permitting a recovery of double the amount of all interest paid.

**2.—Pending Suit—Repeal of Statute—Effect.**

When a statute giving a special remedy is repealed without a saving clause in favor of suits pending thereunder, the general rule is that all such suits must stop where the repeal finds them. This is especially true in actions to recover forfeitures and penalties given by statute, as in actions to recover the statutory penalty for usurious interest.

**3.—Same—Usury—Statute Construed.**

It was obviously the intention of the amendatory Act of 1907 by the use of the word "hereafter" to make the Act purely prospective and thereby save pending suits or causes of action for usurious interest. Article 3106, Rev. Stats., is repealed by implication only to the extent of the changes made by the amendment. Hence it was error for the trial court to dismiss, after the passage of said Act, a suit pending under art. 3106 for the recovery of the penalty for receiving usurious interest prior to the time said Act took effect.

**4.—Repeal—Statute Construed.**

Intimated, that section 6 of the final title of the Rev. Stats. has reference only to the intention of the Legislature in adopting the then body of the Revised Statutes and did not and could not include future repeals by subsequent Legislatures.

Appeal from the County Court of Palo Pinto County. Tried below before Hon. E. B. Ritchie.

*Wm. H. Clark,* for appellant.—The Usury Act of 1907, which became a law on July 11, 1907, does not affect contracts or suits thereon under article 3106, like appellant's, where usurious interest was charged and collected before said Act of 1907 took effect, as, otherwise, the Act of 1907 would be in violation of the Constitution of Texas, prohibiting retroactive laws impairing vested rights. Constitution of Texas, art. 1, sec. 16; Sayles' Rev. Stat., "Final Title," sec. 6; Mellinger v. City of Houston, 68 Texas, 37; Capps v. Garvey (Texas), 41 S. W., 379; De Cordova v. City of Galveston, 4 Texas, 470; Sherwood v. Fleming, 25 Texas Sup., 408, 428.

*Penix & Ranspot,* for appellee.—A penal action can not be maintained after the repeal of the statute creating the penalty sought to be recovered. The statute under which this action is brought having been repealed on July 11, 1907, the cause of action abated. 26 Am. & Eng. Ency. of Law, 753-54; Etter v. Missouri Pac. Ry. Co., 2 Texas App. Civ. Cases, secs. 58 to 62; Gulf, C. & S. F. Ry. Co. v. Lott, 2 Texas App. Civ. Cases, sec. 63, 14 U. S. Law Ed., 210; Jessee v. De Shong, 105 S. W., 1011.

SPEER, ASSOCIATE JUSTICE.—Appellant instituted this suit against appellee to recover the sum of four hundred and fifty dollars and forty-six cents under article 3106 of the Revised Statutes as for usury paid. The suit was instituted December 16, 1907, but the petition showed that the usurious interest had been paid on July 3, 1907. The trial court sustained a general demurrer to the petition, from which judgment this appeal is prosecuted.

*Opinion.*—By an Act of the Thirtieth Legislature, approved April 18, 1907, article 3106 of the Revised Statutes was amended so as to read as follows: "If usurious interest shall hereafter be received or collected upon any contract, either written or verbal, the person or persons paying same or their legal representatives may, by action of debt instituted in any court having jurisdiction thereof in the county of the defendant's residence or in the county where such usurious in-

terest shall have been received or collected or where said contract has been entered into or where parties paying same resided when such contract was made, within two years after such payment recover from the person, firm or corporation receiving the same double the amount of such usurious interest so received and collected." The effect of the amendment was to enlarge the statute in respect to the venue of suits brought under it, but otherwise to limit the amount of the recovery to double the amount of the usurious interest paid, instead of permitting a recovery of double the amount of all interest paid, as was allowed under the amended article.

This Act took effect ninety days after the adjournment of the Legislature, and therefore was not in effect at the time appellant paid the usurious interest to appellee, although it had been in effect several months before the suit was actually filed. The law appears to be well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits thereunder must stop where the repeal finds them. (Jessee v. De Shong, 105 S. W., 1011; Etter v. Missouri Pac. Ry. Co., 2 App. Civ. Cases, sec. 60; Gulf, C. & S. F. Ry. Co. v. Lott, 2 App. Civ. Cases, sec. 63; Ewell v. Daggs, 108 U. S., 143, 27 Law Ed., 682; Parmelee v. Lawrence, 48 Ill., 331; Woolley v. Alexander, 99 Ill., 188; McAdoo v. Smith, 64 Tenn. (5 Baxt.), 695; State, use of Nevada Co., v. Hicks, 3 S. W., 524.) This has especially been held to be the rule in actions to recover forfeitures and penalties given by statute, and some of the rulings above cited were made in usury cases. Such holdings are not considered to be in violation of constitutional inhibitions against retroactive laws affecting vested rights. All this may, and we think should, be conceded, and it is even unnecessary for us to determine whether the peculiar wording of our statute giving the cause of action not only to the person paying the usury, but to his "legal representative" as well, and prescribing that the same may be recovered by "action of debt," should work a difference in the result as to the effect of a repeal of the statute. The amendatory Act of 1907 denounces a penalty for usurious interest "hereafter" received or collected, and does not affect to deal with past offenses. Necessarily, of course, the old statute is repealed insofar as it is inconsistent with the new, but no further. Now, it was obviously the intention of the Legislature by the use of the word "hereafter" to make the Act purely prospective, and thereby to save pending suits or causes of action. It will be observed that article 3106 of the Revised Statutes is not expressly repealed, but at most the repeal is by implication to the extent of the change made by the amendment, which, as we have seen, operates only as to payments of usury after the amendment became effective. (Mongeon v. People, 55 N. Y., 613; State v. Hicks (Ark.), 3 S. W., 524.) So that it follows from these considerations that article 3106 has not been repealed by the amendatory Act of 1907 as to offenses committed prior to the time when that Act took effect, and the court erred in sustaining a demurrer to appellant's petition upon this theory.

Appellant insists that section 6 of the final title of the Revised Statutes operates to save his cause of action, but it is unnecessary for us to decide that question, and some of us at least are inclined to the

view that that section had reference only to the intention of the Legislature in adopting the then body of the Revised Statutes, and did not and could not include future repeals by subsequent Legislatures. See the last two cases cited.

For the error of the court discussed, the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*