## C. C. CROW *v.* W. N. CARTLEDGE, TAX COLLECTOR.

[54 South. 947.]

1. REPEAL OF STATUTES. *Effect on pending actions. Saving clause.*

Where a statute imposing a privilege tax is repealed by another statute, without any saving clause, the effect is to obliterate the repealed statute as completely as if it had never been passed. It is considered as a law which never existed, except for suits which were commenced and concluded while the repealed law was in force. By the repeal, the right to collect the unpaid tax is taken away, whether suit is pending or not, and the suit must end.

2. IMPAIRING OBLIGATION OF CONTRACTS.

Taxes are not due by virtue of any contract and the repeal of a statute imposing a privilege tax is not violative of the constitutional inhibition against impairing the obligation of contracts.

APPEAL from the circuit court of Webster county.
HON. G. A. MCLEAN, Judge.

Suit by W. N. Cartledge, sheriff and tax collector, against C. C. Crow. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield,* for appellant.

Our construction of section 3855 of 1906, is supported by the construction which the legislature has itself given this same act in the laws of 1910.

See Laws 1910, page 65, where section 3855 is brought forward and amended by adding the following:

"But this shall apply only to hotels belonging to a railroad, or railroads, or to hotels from which railroads receive a rental or a part of the profits arising from the keeping of such hotel."

Certainly the legislature meant the same in 1906. The amendment made to the section was for the purpose of

making the meaning clear. This meaning is exactly that for which we have been contending as shown by our original brief herein. The legislature had perceived that the original act was to some extent obscure and this amendment was made not as an addition to the act but by way of explanation.

But at any rate and in any event the amendment contained in the Laws of 1910, above referred to, ends this controversy. The section 3855 as amended and re-enacted in the Laws of 1910 repeals and takes the place of section 3855 in the Code of 1906. This leaves no law on the books under which this tax can be collected. The law under which the proceeding was instituted has been repealed. The suit is still a pending one. This is settled by *Bradstreet Company* v. *Jackson,* 81 Miss. 233.

We understand that the said decision in 81 Mississippi and the authorities cited therein are conclusive of the questions presented by this appeal, even if there were nothing else to depend upon.

*S. S. Hudson,* attorney-general, for appellee.

ANDERSON, J., delivered the opinion of the court.

This is a suit by the appellee, W. N. Cartledge, as sheriff and tax collector of Webster county, against C. C. Crow, the appellant, for taxes alleged to be due the state by the appellant for the privilege of conducting a "railroad eating house." There was a judgment in the court below in favor of the appellee, from which the appellant prosecutes this appeal.

The agreed facts are: That for six months, from November 1, 1908, to May 1, 1909, the appellant owned and conducted a hotel in the town of Mathiston, in Webster county, at the junction of the Southern Railway and the Mobile, Jackson & Kansas City Railway, two trunk lines of railroad, at which, from November 1, 1908, to May 1, 1909, one passenger train stopped daily to allow its passengers to take their meals, and from March 1, 1909, to

May 1, 1909, two passenger trains stopped daily for that purpose. That neither railroad had any interest in the hotel or received any rental therefrom, or any portion of the profits arising from the business. That appellant had not paid the privilege tax required by section 3855, Code 1906. This section provides a privilege tax of one hundred and twenty-five dollars per annum "on each railroad eating house, where two or more passenger trains, running on what is known as through trunk lines, stop daily for meals," and fifty dollars per annum "where only one such train stops daily for meals," and that such houses "may be licensed for less than one year by paying the proportion of annual privilege with ten per cent added, but the license must be the multiple of five dollars of not less than above specified." This suit was instituted on the 22d of April, 1909, and the judgment appealed from was rendered in December, 1909, while section 3855, Code 1906, was in force. This section was brought forward into chapter 94, p. 63, Laws 1910, and amended by the following being added thereto: "But this shall apply only to hotels belonging to a railroad, or railroads, or to hotels from which the railroad receives a rental, or part of the profits arising from the keeping of such hotels." By this amendment, so much of section 3855 as required privilege taxes of persons conducting railroad eating houses not owned by any railroad, or in the business of which no railroad had any interest, was repealed. There is no provision in chapter 94, Laws 1910, nor is there any general statute, saving to the state its rights under section 3855.

It is contended for the appellant that in this state of case the repeal of section 3855 abrogated the right of the state to collect any privilege taxes due thereunder. The effect of a repealing statute of this character is to abrogate the repealed statute as completely as if it had never been passed. It is considered as a law which never existed, except for suits which were commenced and con-

cluded while the repealed law was in force. By the
repeal, the right to collect the unpaid tax was taken
away, whether suit was pending therefor or not. The
cause of action was taken away, and the suit must end.
*Bradstreet Co.* v. *City of Jackson,* 81 Miss. 233, 32 South.
999.

There is no question here of legislation violating the
constitutional inhibition against impairing the obligation
of contracts. Taxes are not due by virtue of any con-
tract.                                     *Reversed and cause remanded.*