GOODRICH v. WALLIS et al.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 16, 1911.)

1. INTOXICATING LIQUORS (§ 283*)—ILLEGAL SALE OF LIQUOR—CIVIL DAMAGES—STATUTES.

The right of a wife to recover on a liquor dealer's bond a penalty for the sale of liquor by the dealer to her husband, a habitual drunkard, depends solely on the statute, and may be extinguished by a repeal of the statute.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 283.*]

2. STATUTES (§ 276*) — REPEAL — EFFECT ON PENDING LITIGATION.

Where a statute giving a special remedy is repealed without a saving clause in favor of pending litigation, a pending suit cannot be prosecuted after the repeal.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 371-373; Dec. Dig. § 276.*]

Appeal from Tarrant County Court; C. T. Prewitt, Judge.

Action by Delia Goodrich against F. M. Wallis and another. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 129 S. W. 878.

J. C. Scott, for appellant. Baskin, Dodge & Eastus, for appellees.

DUNKLIN, J. Mrs. Delia Goodrich instituted this suit on November 2, 1908, against F. M. Wallis, a liquor dealer, and the surety on his bond to recover $500 for selling intoxicating liquor to her husband, and from a judgment in favor of defendants the plaintiff has appealed.

According to allegations in plaintiff's petition, the sales complained of were made to her husband, a habitual drunkard, during the year 1907, and the claim asserted was by virtue of the provisions of the acts of the Legislature passed in 1901, p. 315, and amended by Acts of 1907, p. 258.

By an act of the Legislature passed in 1909 (see General Laws 1st Ex. Sess. 1909, p. 293), it was made a condition precedent to the right of a wife to recover of a liquor dealer for a sale to her husband, a habitual drunkard, that she should first give notice to the dealer to refrain from so selling. The act of 1909 was passed in lieu of and as a substitute for the former acts, and contained no saving clause in favor of causes of action accruing under the former law, and by express terms repealed all laws and parts of laws in conflict with it.

[1] Plaintiff's petition contained no allegation of notice by her to the dealer, forbidding a sale of intoxicating liquor to her husband. If, in the absence of such an allegation, the petition stated a valid cause of action under the old law, yet, tested by the law of 1909, it was insufficient. The trial court held that plaintiff's right to recover must be governed by the act of 1909; and that the cause of action previously asserted. at all events, was abated by the passage of the last act. This conclusion was the basis of the judgment rendered, and in that ruling we think there was no error. In both those acts, it was provided that a wife might recover the sum of $500 for a sale to her husband, a habitual drunkard, in violation of the terms of the bond prescribed and required of a liquor dealer in order that he might obtain a license to engage in that business. The remedy thus provided is not given by the common law, but depends solely upon the statute, and the sum so fixed is a penalty, which, prior to a final recovery by the wife, could be extinguished by a repeal of the statute by a subsequent act of the Legislature. Garner v. Boyle, 97 Tex. 462, 79 S. W. 1066; Stewart v. Lattner, 53 Tex. Civ. App. 330, 116 S. W. 860; State v. T. & N. O. Ry., 125 S. W. 53; Jessee v. De Shong, 105 S. W. 1015.

[2] The fact that the plaintiff's suit was pending at the time of the passage of the last act could make no difference; for it is well settled that, if a statute, giving a special remedy, is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them; and if final relief has not been granted before the repeal goes into effect it cannot be granted thereafter. Vance v. Rankin, 194 Ill. 625, 62 N. E. 807, 88 Am. St. Rep. 173; P. & A. R. R. Co. v. State, 45 Fla. 86, 33 South. 985. 110 Am. St. Rep. 67; Taylor v. Strayer, 167 Ind. 23, 78 N. E. 236, 119 Am. St. Rep. 469.

We have found no error in the record, and the judgment is affirmed.