WILLIAMS *v.* DEPOSIT GUARANTY BANK & TRUST CO.

(In Banc.   April 14, 1941.)

[1 So. (2d) 486.   No. 34532.]

Harmon W. Broom, of Jackson, and Milton Williams, of Memphis, Tenn., for appellant.

Harold **Cox** and **Butler & Snow,** of Jackson, for appellee.

Argued orally by **Milton Williams** and **Harmon Broom,** for appellant, and by **Charles B. Snow,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit is brought under Section 1946 of the Mississippi Code of 1930, and is for the recovery of all amounts alleged to have been paid by the appellant in satisfaction of both principal and interest on numerous small loans of money which were made to him by the appellee bank during the period beginning August 1, 1934, and ending August 1, 1937. All of the loans were fully repaid to the bank by appellant, on or about the due dates of the several promissory notes executed by him in that behalf, and it is now sought by bill in chancery to obtain a decree in his favor for the refund of all sums thus paid to the bank, on the ground that more than 20% interest per annum is alleged to have been charged and received by the lender for the use of the money advanced to the borrower.

Equity jurisdiction is invoked for the purpose of obtaining a discovery from the bank as to the specific amounts, dates and duration of each of the several loans, approximately sixty-four in all, claimed by the appellant to have been made to him, and all of which are alleged to have been repaid within the period aforesaid.

The amended bill of complaint alleges that on or about the said 1st day of August, 1934, the complainant obtained from the defendant bank a loan of money in the approximate amount of $30; that he was then an employee of the Agricultural Adjustment Administration, a bureau of the Department of Agriculture of the U. S. Government, and was receiving for his services approximately $60 per month, payable in the following manner: For the period from the first of each month to the fifteenth day of the month, he was paid one-half his monthly salary on or about the fifteenth day of each month, and from the fifteenth to the thirtieth day of each month, he received the other half of his salary on or about the thirtieth day of the same month; that to evidence the loan, he was required by the defendant bank to execute a promis-

sory note in its favor, payable within thirty days after date, and to execute an assignment of his salary for the amount due him as such for the period from the first of August to the fifteenth of August, 1934; that this procedure was repeated on the 15th of the month for the period ending at the end thereof; that upon the execution of said note and assignment in each instance, the bank advanced to him the amount of the note, less the sum of $1; that when his salary check was received, he endorsed the same pursuant to the terms of the assignment and the proceeds of the check were applied by the bank to the payment of the face amount of the note, and always within less than thirty days from the date thereof; that these transactions continued in like manner throughout the three year period aforesaid, with the exception of seven or eight occasions, as the complainant continued to negotiate loans of money in amounts from $30 to $60 payable in the aforesaid manner; and that in each instance the sum of $1 was thus deducted as interest in advance, resulting in the collection of more than 20% interest per annum on each of the said loans.

It is further alleged that the complainant does not have in his possession or available to him any of the cancelled notes (which it is reasonable to assume were returned to him when paid), and it is therefore alleged that he is unable to state the exact amount of each and every loan; also, that he has been diligent in his efforts to obtain the information without avail, and that the defendant bank has refused to furnish the same to him upon request made in that behalf. However, it is not alleged whether or not the notes have been lost or destroyed, nor, if lost, whether or not the complainant has made any search to locate the same.

The trial court sustained a general demurrer to the amended bill of complaint on the ground that it failed to state a case for equitable relief; also, a special demurrer on the ground that the complaint showed on its face that

the alleged right of recovery was in the nature of an action to recover a penalty and was therefore barred by the one-year statute of limitations against the bringing of such actions, Section 2301, Code of 1930. Thereupon, the complainant declined to plead further, and the suit was finally dismissed; hence this appeal is prosecuted.

Since it may be reasonably assumed as aforesaid that the defendant bank has once furnished to the complainant all of the information now sought by his bill for discovery, when it returned to him the cancelled notes, we too are of the opinion that he is not entitled to require the bank to again furnish the data requested in the absence of an allegation that the paid notes have became lost or destroyed, and, if lost or misplaced, that they cannot be located after diligent search; that, therefore, the amended bill of complaint does not state sufficient facts to entitle the complainant to the discovery prayed for; which was the sole ground relied on for jurisdiction in equity. Consequently, we do not reach the question raised by the special demurrer in regard to the applicable statute of limitation covering the bringing of such an action. It is sufficient to say that at most a discovery would not lie in any event for a longer period than three years immediately preceding the filing of this suit on June 20, 1940, and the amended bill of complaint unquestionably fails to allege the necessary facts to show that a discovery is needed to obtain the information prayed for as it relates to the loans paid during that particular period, the last of the loans to which the three-year limitation would apply having been made and repaid between June 20, 1937, and August 1, 1937. However, the case should not have been finally dismissed but rather transferred to the circuit court since sufficient facts were alleged to show that the complainant may have been entitled to some relief. We have therefore concluded that the cause should be reversed and remanded since the complainant would be entitled to again amend the bill

so as to show a ground for discovery if the facts should warrant, and upon failure to do so, the cause may then be transferred to the circuit court.

Reversed and remanded.