DEPOSIT GUARANTY BANK & TRUST CO. *v.* WILLIAMS.

(Division B.   Sept. 28, 1942.   Suggestion of Error Overruled November 9, 1942.)

[9 So. (2d) 638.   No. 35025.]

Harold Cox and Butler & Snow, all of Jackson, for appellant.

Stewart C. Broom and Harmon W. Broom, both of Jackson, and Milton Williams, of Memphis, Tenn., for appellee.

**Griffith, J.**, delivered the opinion of the court.

As shown by the statement of facts on the previous appeal of this case, Williams v. Deposit Guar. Bk. & Tr. Co., 190 Miss. 685, 1 So. (2d) 486, appellee had obtained numerous small loans from appellant bank during the period from August 1, 1934, to August 1, 1937, in each of which the bank had made a charge of one dollar for thirty days, or more than 20%, if considered as interest, with the result that under Sec. 1946, Code 1930, appellee would have been entitled, upon a suit instituted within the statutory period, to recover not only the interest paid but the principal as well.

The loans were handled by the bank in this manner in accordance with an asserted custom of banks to make a so-called service charge of $1 for these small short-time loans, and when the lawfulness thereof was challenged in Dickey v. Bank of Clarksdale, 183 Miss. 748, 184 So. 314, and the court held, as it was bound to hold under the then existing law, that such transactions were usurious, and that instead of appealing to the court to uphold them the address should be to the legislative department, that address was made; and by Chap. 204, Laws 1940, the previous law was modified so as to allow all banks, state and national, to make the charges on small loans such as were made in the present case. In brief, had Chap. 204, Laws 1940, been in existence at the time of the transactions here involved, they would have been entirely within the allowance of the law, and no question of usury could have arisen.

After the decision in Dickey v. Bank of Clarksdale, supra, appellee instituted this suit to recover principal and interest relying upon that case and the section of the statute as it stood before its modification by the subsequent enactment. On the first appeal the question was not raised that the new statute, which contains no saving clause, had the effect to nullify any right of action which existed under the previous statute, but the question has now been presented and elaborately briefed. The conclusion which we have reached on that issue makes it unnecessary to consider the several other questions presented by motions, special demurrers, etc.

Many decisions in this state have affirmed the rule, which generally prevails, that the effect of a repealing statute is to abrogate the repealed statute as completely as if it had never been passed, and that a statute modifying a previous statute has the same effect as though the statute had all the while previously existed in the same language as that contained in the modified statute, unless the repealing or modifying statute contains a saving clause. Crow v. Cartledge, 99 Miss. 281, 54 So. 947, Ann. Cas. 1913E, 470, and Musgrove v. Vicksburg & N. Railroad Co., 50 Miss. 677, are among the number of such cases in this state.

The result of this rule is that every right or remedy created solely by the repealed or modified statute disappears or falls with the repealed or modified statute, unless carried to final judgment before the repeal or modification,—save that no such repeal or modification shall be permitted to impair the obligation of a contract or to abrogate a vested right. Bradstreet Co. v. City of Jackson, 81 Miss. 233, 236, 32 So. 999.

The older statute here under consideration did not denounce usurious transactions as void. All or nearly all the authorities are agreed that when the older statute did not expressly declare a usurious contract void, a modified statute under which the contract as made by the

parties would be valid does not impair the obligations of the contract, but simply withdraws previous impediments and renders it enforceable as made. Sufficient of the authorities on this point are gathered in the notes in 87 A. L. R., pp. 470-473.

Rights of action or defenses on account of usury are not a part of the common law. They are solely the creations of statute, and such statutes are in the nature of regulations in the public interest. Although a right conferred solely by statute in the public interest may have accrued before the repeal or modification, it does not follow that the accrued right in such cases is a vested right, in the constitutional sense. There is no vested right in the usury laws, which, therefore, may be repealed or changed so as to affect causes of action and defenses even in pending suits. 12 C. J., p. 974; 16 C. J. S., Constitutional Law, sec. 254. By the great weight of authority, the legislature may repeal a usury law and no one has any vested right to take advantage of such laws. 12 Am. Jur., p. 65.

Inasmuch as the right of action under the old law which appellee now asserts has disappeared with the enactment of the modified statute, appellant's general demurrer should have been sustained, and not being amendable the bill should have been dismissed; and it will be so ordered here.

Reversed and bill dismissed.