McCullen *v.* Sinclair Refining Company.

In Banc. June 13, 1949.

No. 37156. (41 So. (2d) 382)

**James T. Kendall,** Assistant Attorney General, for appellant.

Watkins & Eager, and **W. D. Conn, Jr.,** for appellee.

74

**Hall, J.**

Appellee brought a mandamus suit seeking to compel appellant to allow it credit for an overpayment of $2500.17 in gasoline and oil taxes, this amount being the difference between the number of gallons invoiced to appellee at refineries in other states for shipment into Mississippi and the number of gallons actually received by it in its storage tanks in this state between May 1, 1942, and March 31, 1946.

During said period of time the gasoline and oil tax law did not clearly provide whether the tax should be paid upon the number of gallons shown by refinery invoices or upon the gallonage actually received by a distributor in this state. In State ex rel. Rice v. Republic Oil Refining Co., 202 Miss. 688, 32 So. (2d) 290, decided October 27, 1947, this court construed the law to mean that a distributor was liable only for the tax upon the number of gallons actually received within the state. Prior to that decision the appellee, as well as many other distributors, construed the law as requiring payment of tax upon the refinery invoices and paid taxes accordingly, and this suit is, in effect, for recovery of alleged overpayments.

The petition for writ of mandamus shows on its face that appellee filed its claim for refund or credit on its alleged overpayments on December 18, 1947, which was more than twenty months after the last overpayment was made. Appellant demurred to the petition assigning as cause for demurrer, among other reasons, that he had no authority under the law to credit appellee for the overpayment because the claim therefor was not filed within one year from the date of such overpayment as required by Section 7, Chapter 264, Laws of 1946. The demurrer was overruled by the trial court, and, appellant having declined to plead further, final judgment was entered directing issuance of the writ, from which this appeal is prosecuted.

At the time of the alleged overpayments the collection of gasoline and oil taxes was vested in a state official then designated as Motor Vehicle Commissioner. Sections 10008-10081, Mississippi Code of 1942. By Chapter 237, Laws of 1946, said office was abolished and a new office known as Motor Vehicle Comptroller was created. By Chapter 264, Laws of 1946, and by other acts adopted in 1946 not necessary to here mention, the gasoline and oil tax laws were revised and amended and all previous laws in conflict therewith were repealed. Said Chapters 237 and 264 became effective from and after April 1, 1946.

Section 10018, Code of 1942, was in effect during the entire period of the alleged overpayment of taxes, and until April 1, 1946. It provided for the making of monthly reports and remittances by each distributor of petroleum products in this state to the Motor Vehicle Commissioner, and further provided ''In case gasoline in storage is destroyed by explosion, fire, tornado, flood, or acts of Providence, then the distributor may deduct the amount so destroyed and may also deduct any payment erroneously made on making proof thereof, approved by the Commissioner''. Section 10020, Code of 1942, provided, among other things, ''When a remittance is made for more than the actual amount due, the Commissioner shall credit the overplus to the succeeding month.'' This section was also repealed effective April 1, 1946. Prior to that date there was no limitation of time for the filing of a claim for overpayment.

Said Section 10018 of the 1942 Code was rewritten and re-enacted, with several changes, as Section 7, Chapter 264, Laws of 1946, which provided, among other things, ''Upon proof satisfactory to the comptroller and upon approval of the comptroller, any qualified distributor may also deduct any payment of taxes on gasoline or oil erroneously made. . . . No claim for the destruction of gasoline, or for an erroneous payment of tax, shall be allowed or approved by the comptroller unless such

claim is presented within one year from the date of the loss or erroneous payment." It will be noted that the very statute which grants the right of deduction for overpayment of these taxes also destroys that right unless claim therefor is presented within one year from the date of erroneous payment. In the absence of this statute the appellee would have no right to claim a credit or deduction for an erroneous payment. It is true that the Comptroller succeeded the Commissioner, but the Legislature specifically and in no uncertain terms granted him authority to approve claims only when they are presented within one year from the date of the erroneous payment, and prohibited him from approving those which were not presented within that time. It must be borne in mind that we are here dealing with a suit against the Comptroller under the new law and not with a suit against the Commissioner under the old law. The statute not only limits appellee's right to obtain a credit or deduction but also limits the Comptroller's power and authority to grant it. Therefore we are of the opinion that the Comptroller could do nothing but reject appellee's claim because it was not presented within the time prescribed by the 1946 law. It is unnecessary for us to go into the question of what reasons prompted the legislature to limit the time within which claims of this nature should be presented, though many good reasons therefor could be advanced.

Our holding in this case is abundantly supported by prior decisions of this Court. In Deposit Guaranty Bank & Trust Co. v. Williams, 193 Miss. 432, 9 So. (2d) 638, 639, it was said, "Many decisions in this state have affirmed the rule, which generally prevails, that the effect of a repealing statute is to abrogate the repealed statute as completely as if it had never been passed, and that a statute modifying a previous statute has the same effect as though the statute had all the while previously existed in the same language as that contained in the modified statute, unless the repealing or modifying stat-

ute contains a saving clause. Crow v. Cartledge, 99 Miss. 281, 54 So. 947, Ann. Cas. 1913E, 470, and Musgrove v. Vicksburg & N. Railroad Co., 50 Miss. 677, are among the number of such cases in this state.''

Appellee argues that Section 59 of said Chapter 264, Laws of 1946, contains a saving clause in its favor, and, while that section might be construed as a saving only in favor of the state for the collection of fines, penalties, damages and taxes under the repealed statute, nevertheless if it does preserve the right of appellee for credit or deduction on account of its alleged erroneous payment, ██ such right is unquestionably subject to the one year limitation for presenting the claim as provided by Section 7 of the Act. Since the petition for mandamus affirmatively shows that the claim was not presented within the one year period nor within one year after April 1, 1946, the legislature has withheld from appellant the authority to allow it, and it necessarily follows that the demurrer should have been sustained by the trial court, and the judgment is accordingly reversed and judgment here entered sustaining the demurrer and dismissing appellee's suit.

Reversed and judgment here.