437 So.2d 30 (1983)
Johnnie WALLS and Robert Buck
v.
MISSISSIPPI STATE BAR.
Misc. No. 59.
Supreme Court of Mississippi.
August 24, 1983.
*31 Walker & Walker, John L. Walker, Jackson, for appellant.
Jimmy L. Miller, Andrew J. Kilpatrick, Jr., Jackson, for appellee.
Shirley Payne, Jackson, Miss., Jeffrey Robert White, Washington, D.C., Howard A. Specter, Pittsburgh, Pa., for amicus curiae.
Before BROOM, ROY NOBLE LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
This appeal involves a complaint against appellants, Attorney Johnnie Walls and Attorney Robert Buck, conducting their profession as a partnership. The proceedings were brought by the Mississippi State Bar under the provisions of Mississippi Code Annotated, Section 73-3-301 et seq. (Supp. 1982). The complaint alleged that on February 14, 1979, appellants, after opening a branch office in Clarksdale, Mississippi, held an "open house" contrary to the provisions of Disciplinary Rule 2-101(B) and Disciplinary Rule 2-102(A). Under these disciplinary rules the particular breach alleged was of Ethics Opinion No. 10 of the Mississippi State Bar, adopted on November 20, 1962, as follows:
Solicitation  Advertising  It is unethical and professionally improper for a lawyer to hold an "open house" at his law office.
RULE 27
The attention of the committee has been directed to the practice of some individual attorneys and law firms holding "open houses" at the opening or renovation of their offices and/or at Christmas, and/or on other special occasions. Invitations, either personally or in writing, are given to other attorneys, clients and non-clients.
Rule 27 of the Rules of Professional Conduct of the Mississippi State Bar provides that it is unprofessional for a lawyer to solicit professional employment either directly or indirectly.
The intent of a lawyer in having an "open house" is obviously to advertise the office facilities of the host and the services that are available and in effect to solicit and encourage the guests to utilize his services.
In the opinion of the committee this constitutes a form of advertising and solicitation of business and is highly improper and unprofessional.
This ruling does not apply where all of the local lawyers only and no other persons are invited. (Emphasis ours).
The original State Bar Petition alleged that 500 invitations to the "open house" were ordered and distributed. The invitation reads as follows:
WALLS AND BUCK, LTD.
Attorneys at Law
A Professional Association
819 Main Street
P.O. Box 634
Greenville, Mississippi 38701

are pleased to announce the opening of their second office in Clarksdale, Mississippi
220 East Second Street
P.O. Box 1071
Clarksdale, Mississippi 38614
Phone (601) 627-4714

You are cordially invited to our Open House in Clarksdale on February 14, 1979 between the hours of 1 and 5.
Appellants answered the allegations of the petition primarily contending that their limited *32 activities in connection with the allegations of the petition were after the opinion rendered by the United States Supreme Court on June 27, 1977, in Bates v. Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Appellants alleged that their limited open house which occurred approximately two years after Bates, supra, was fully authorized by that opinion which resulted in many changes regarding permissible activities of attorneys in relation to advertising on a limited scale. There is no need to discuss the opinion in Bates as in reality, it does not have relevancy to the issues here, except as hereinafter discussed.
Although the complaint was originally filed by an individual prior to May 1979, a hearing was not had by the Complaints Tribunal until June 29, 1981, more than two years after the original complaint.
At the hearing the attorney for the State Bar introduced the petition with its exhibits and a stipulation between the parties and rested the bar association case. The stipulation stated that the bar association "at no time intended to say in any of its pleadings that there was an attempt by either one of the respondents to actually solicit the business of any person who may have attended the open house and does not intend to allege it or attempt to prove it today."
The testimony of appellants consisted chiefly of their explanation regarding the alleged objectionable action. These attorneys had their principal law offices in Greenville, Mississippi. One of the attorneys was reared in Coahoma County, the county seat of which is Clarksdale. They decided to open a branch office there. This was done and the hereinbefore set out invitation was distributed according to appellants to not more than around one hundred persons. The testimony was undisputed that only about fifty people attended the function and many of these were children; that there were never more than twenty persons at the office at any one time. They reiterated, as set out in the bar's stipulation, that there was definitely no solicitation of any kind. They merely wanted their friends, relatives and former clients to be greeted by them at their new branch office. This testimony was undisputed, a situation that is very material as hereinafter discussed.
After a very short hearing, the complaints tribunal made its findings and entered its order on February 5, 1982. The opinion and order was based solely on the hereinbefore quoted Ethics Opinion No. 10.
Of paramount importance are some of this Court's findings in the recent case of Levi and Denham v. Mississippi State Bar, 436 So.2d 781 (Miss. 1983). There we stated that bar disciplinary proceedings are inescapably "adversary proceedings of a quasi-criminal nature" and that "[a] standard of proof higher than the ordinary `beyond a preponderance of the evidence'" is required. We held that in such proceeding the State Bar has the burden of proving in this Court by clear and convincing evidence each and every evidentiary and ultimate fact necessary to support a judgment that the attorney or attorneys should be disciplined or disbarred. We further held that the statutes require this Court to consider the cause de novo.
As hereinbefore stated, the petition of the bar association merely set out the two disciplinary rules and the ethics opinion under those rules alleged to have been violated by appellants. It was stipulated that no solicitation of any kind was involved on the part of the appellants. This was the meager evidence upon which appellee attempted to prove a violation by "a standard of proof higher than the ordinary and beyond a preponderance of the evidence" and by which it attempted to prove its cause "by clear and convincing evidence."
The testimony of appellants stands undisputed in this record. It should be clear therefore without further discussion that the State Bar Association did not meet its burden of proof. It offered no proof other than the mere fact of the "open house". We note in Ethics Opinion No. 10 that the reason for the opinion was "the intent of a lawyer in having an `open house' is obviously to advertise the office facilities of the *33 host and the services that are available and in effect to solicit and encourage the guests to utilize his services." The bar association stipulated itself "out of court" by stating that appellants did not "solicit" in any manner. Therefore, for this reason alone, the complaints tribunal was in error in ordering appellants reprimanded.
Further, in compliance with Bates, supra, which was decided in June of 1977, the bar association finally got around to filing a petition before this Court on January 24, 1983, requesting amendments to the Canons of Ethics regarding advertising as dictated in Bates. This Court's order sustaining the bar association's petition was issued on March 16, 1983, approximately five months prior to the submission of the present cause to the Court. Various amendments were requested by the bar regarding the Canons of Ethics, including those under which the petition sub judice was filed, viz. Disciplinary Rule 2-101(B) and 2-102(A). Pursuant to the amendments it was requested that Ethics Opinion No. 10 be deleted. This Court included that deletion in its order, as requested. We have heretofore seen that Ethics Opinion No. 10 was stated as the sole reason for reprimanding appellants. We have held when cases are in the bosom of this Court and there is involved a statute that is modified prior to a final decision of this Court, we shall take that modification into consideration. Oliphant v. Carthage Bank, 224 Miss. 386, 80 So.2d 63 (1955); Stone v. Independent Linen Service Co., 212 Miss. 580, 55 So.2d 165 (1951); Stone v. McKay Plumbing Co., 200 Miss. 792, 26 So.2d 349 (1946); and Deposit Guaranty Bank & Trust Co. v. Williams, 193 Miss. 432, 9 So.2d 638 (1942).
Further in considering the matter de novo, as we are required to do, we may take judicial notice of certain activities of bar members which have either been overlooked subsequent to 1962 or no one has seen fit to complain. We can take judicial notice that many law firms have open houses at their offices and elsewhere during the Christmas holidays and at other times. In a metropolitan area, we certainly know that "all of the local lawyers only" as set out in the antiquated Ethics Opinion No. 10, have not been invited to these festive occasions. We also may take judicial notice that many firms that specialize in certain areas of law have had open houses for many, many years, including since 1962, and have invited attorneys who do not so specialize in that particular area and occasionally need specialized services.
We find that it was error for the complaints tribunal to have entered its order directing that appellants be reprimanded. The cause is therefore reversed, rendered and the petition dismissed with prejudice.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
PRATHER, J., not participating.