This is an appeal from a decision of the Mississippi State Bar Committee on Complaints wherein the appellant attorney was found guilty of civil trespass. The Complaint Committee held that such trespass violated the Code of Professional Responsibility for attorneys and that, for this violation, the attorney should be privately reprimanded. The attorney now appeals and assigns the following error:
(1) The finding of the Committee on Complaints that the appellant was guilty of civil trespass was not supported by clear and convincing evidence.
(2) The finding of the Committee on Complaints that the appellant was guilty of unprofessional conduct or conduct evincing unfitness for the practice of law is not supported by clear and convincing evidence.
(3) The Committee on Complaints erred as a matter of law in imposing a private reprimand on appellant.
(4) The appellant was denied due process of law by the Complaints Committee.
 I.
On January 27, 1979, between 12:00 midnight and 1:00 a.m., the Western Way Station Restaurant caught fire and was destroyed. The restaurant was operated by Merelene Wallace in a building owned by Stuart Abshier. The restaurant was insured by Employers Mutual Casualty Company.
Several days after the fire, an attorney representing Employers Mutual engaged the services of an arson investigator from Texas to investigate the fire. The investigation was to determine the cause and the origin of the fire. The investigator was greeted at the airport by the attorney who took him immediately to the site of the fire. At no time did either of the men acquire permission from Mrs. Wallace to make an inspection of the restaurant premises.
Once the two men arrived at the scene of the fire, the investigator began his examination. He first examined the exterior of the building, then he and the attorney examined the inside of the building. A question arose later as to how the two men entered the burned building. According to both men, they entered through the east door of the restaurant which they found standing ajar about two inches.
After a complete examination of the circumstances surrounding the fire, including an examination under oath of Mrs. Wallace, the Wallace claim was denied by the insurance company on the grounds of arson, misrepresentation/concealment, and increase in hazard. As a result of the deposition taken of Mrs. Wallace in that investigation, Mrs. Wallace filed a complaint in July of 1979 against the attorney representing Employers Mutual. The complaint charged the attorney with harassing Mrs. Wallace during the attorney's deposition examination of her. That complaint was dismissed by the Committee on Complaints as being without merit.
Subsequently, a lawsuit arose from the denial of Mrs. Wallace's claim. During that lawsuit Mrs. Wallace learned from the testimony of the Texas arson investigator that he and the attorney had entered the remains of the restaurant to conduct an *Page 299 
investigation without first asking her permission.
After that lawsuit, resulting in a jury verdict in favor of the insurance company, Mrs. Wallace filed another complaint against the attorney with the Mississippi State Bar Complaints Committee. The second complaint accused the attorney of criminal and/or civil trespass. An investigatory hearing was held and testimony was given by Mrs. Wallace, her husband Ivey Wallace, and the attorney.
Mr. and Mrs. Wallace testified that the restaurant was locked prior to the attorney's entry and that only their son and Mr. Abshier had additional keys to the building. Both Mr. and Mrs. Wallace admitted, however, that neither of them had observed any signs of forced entry into the building.
The attorney testified that he and the investigator entered the building through an open door. The sworn affidavit of the investigator corroborated the attorney's testimony regarding the open door. In addition, the attorney introduced sworn affidavits of three insurance defense attorneys, giving their respective interpretations of the standard New York policy provision which gives an insurance company the right to inspect the remains of any property damaged by fire. None of those affidavits addresses the critical issue here of whether notice to an insured is required prior to the entry of the insured premises by an agent of the insurer.
Subsequently, the Committee on Complaints of the Mississippi State Bar Association found to its satisfaction by clear and convincing evidence that the attorney had been guilty of unprofessional conduct or conduct evincing unfitness for the practice of law through the commission of civil trespass. The Committee then decided that the attorney should receive a private reprimand.
Finding himself aggrieved from that decision, the attorney perfected this appeal.
 II.
Did the entry into the Wallace premises constitute a civil trespass?
"To enter a building without a license to do so is a trespass. This is true whether the structure in question is a dwelling or a building used for business purposes or as a workshop or factory." 75 Am.Jur.2d Trespass § 14 (1974). "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally . . . enters land in the possession of the other, or causes a thing or a third person to do so. . . ." Restatement (Second) of Torts § 158 (1965).
There is no dispute that the attorney and the investigator entered Mrs. Wallace's restaurant without permission. That unauthorized entry, by definition, constitutes a civil trespass unless the attorney can successfully assert a valid defense. This attorney's defense is that the entry was authorized by (A) the terms of the insurance policy itself and (B) implied consent through custom, usage, or conduct.
A. Did Mrs. Wallace's insurance policy give the attorney the right to enter the restaurant premises without permission?
The insurance policy insuring the destroyed property stated:
 The insured, as often as may be reasonably required, shall exhibit to any person designated by the Company all that remains of any property herein described, and submit to examinations under oath by any person named by the Company.
The attorney contends that the above-quoted provision gave him the right to enter the premises without permission. The attorney bases this contention on the fact that there was no stated duty in the policy for the insurer to request permission to go on the property. Furthermore, the Wallaces had no right to refuse admission to the insurer under the policy terms.
It appears, then, that a construction of the term "exhibit" will be dispositive of the issue under analysis. "Exhibit" is defined as, "To show or display; to offer or present for inspection." Black's Law Dictionary, *Page 300 
514 (5th Ed. 1979). With that definition of "exhibit," a literal reading of this particular insurance policy provision does not give the insurer the right to enter a damaged premises absent some action being taken by the insured and an identification of the company's designee.
The question of whether the insurance contract required permission from the insured to the insurer to enter the damaged property is decided adverse to the attorney's position. To decide otherwise would be to permit greater rights to private investigators than permitted law enforcement officials. Even here, the arson squad asked for permission to enter the premises.
B. Did the attorney receive an implied consent to enter the damaged building through custom, usage, or conduct?
The attorney states in his brief, "This Court should take judicial notice of the fact that heretofore lawyers representing insurance companies have regularly gone on to fire damaged property without giving notice to the insured, as normal procedure." The attorney uses this premise for his assertion that consent may be implied from custom, usage, or conduct.
The attorney analogizes the case sub judice to FloridaPublishing Co. v. Fletcher, 340 So.2d 914 (Fla. 1976), which involved a charge of trespass against a photographer who entered the scene of a fire at the request of the fire marshal. The Florida Supreme Court held that an entry that may otherwise be an actual trespass becomes lawful and unactionable when it is done under common usage, custom, and practice.
However, this case is distinguished from Fletcher on the basis that the entry of the photographer in Fletcher was by invitation of the fire marshal and was part of the official investigation of the fire. The Court notes that the timing of the entry in Fletcher is distinguishable from the timing of the Mississippi attorney's entry which was several days after the fire and was not part of the official investigation thereof.
Furthermore, this Court agrees with the State Bar that custom is not a defense to a bar disciplinary action. In Re Wines,370 S.W.2d 328 (Mo. 1963). "A custom may not be regarded as a complete vindication when a lawyer is charged with misrepresentation." Id. at 334.
The case of Helling v. Carey, 84 Wn.2d 514, 519 P.2d 981
(1974) is also supportive here. Helling involved a patient who brought suit against her ophthalmologist to recover for damages she received due to the failure of the defendant to detect her glaucoma. Helling held that just because a certain practice is the standard for a certain professional in a community, does not mean the practice is lawful. Helling has been cited with approval by this Court in Hall v. Hilbun, 466 So.2d 856 (Miss. 1985).
There is no implied consent from the usage, custom or conduct of investigators or insurance defense counsel absent contractual consent or notice to the insured.
 III.
Was the conduct of the attorney sufficient to warrant the issuance of a private reprimand?
The statutory authority of the entire procedure to discipline attorneys, regularly admitted to practice law in the State of Mississippi and otherwise, are subject to the exclusive and inherent disciplinary jurisdiction of the Supreme Court of Mississippi. Miss. Code Ann. § 73-3-301 (Supp. 1985).[1]Netterville v. Mississippi State Bar, 397 So.2d 878 (Miss. 1981). The entities of the *Page 301 
Board of Commissioners of the Mississippi State Bar, the Committee on Complaints of the Mississippi State Bar, and the complaint tribunal appointed by the Supreme Court of Mississippi are designated as agencies of the Supreme Court for the administration of discipline. Miss. Code Ann. § 73-3-303 (Supp. 1985).
This proceeding was heard before the committee on complaints under its procedures outlined under Miss. Code Ann. § 73-3-311
(Supp. 1985) et seq. Miss. Code Ann. § 73-3-319(b) (Supp. 1985) permits the committee to take action as follows:
 If upon review of the record, complaint counsel's report and any written response by the accused attorney, the committee determines that there is reasonable ground to believe that the accused attorney has been guilty of unprofessional conduct or conduct evincing unfitness for the practice of law, and is of the further opinion that a reprimand of the accused attorney is all that justice requires and will adequately afford the disciplinary sanctions required by the particular circumstances, the committee may administer a private reprimand, or it may, in its discretion, make public the fact of the reprimand by having the same delivered in open court by the chancery or circuit court of the county of the accused attorney. . . .
The committee found "by clear and convincing evidence that you have been guilty of unprofessional conduct or conduct evincing unfitness for the practice of law in the following particulars: civil trespass; however, the committee is of the further opinion that a private reprimand of you is all that justice requires. . . ." The proper standard of proof was applied by the committee.Netterville, 397 So.2d at 878. The evidence supported the finding. This Court reviews that finding de novo on this record and makes its own finding of fact giving such weight to the committee's finding as it deserves. Levi v. Mississippi StateBar, 436 So.2d 781 (Miss. 1983). Having done so, this Court holds that the Mississippi State Bar has established by clear and convincing evidence that a civil trespass was committed by this attorney. That trespass was unprofessional conduct prohibited by Miss. Code Ann. § 73-3-319 and warrants a private reprimand as outlined in said statute. The case is remanded to the Mississippi State Bar for implementation of the directives of the statute as follows:
 [W]ritten notice of the delivery of such reprimand shall be given to the person filing the complaint, the clerk of the court, the executive director of the Mississippi State Bar, and to the judges of the circuit and chancery court districts of the accused attorney. . . .
 IV.
Was the wording of the proposed private reprimand so vague as to deny the attorney due process?
The argument here is that the wording of the reprimand, which is to be mailed to the attorney's district judges, fails to adequately describe the nature of the offense with which he is charged. "Civil trespass" it is argued, encompasses offenses ranging from battery to accidental trespass on property and does not inform the members of the bench of the nature of the attorney's unprofessional conduct and does not eliminate unwarranted innuendos.
The appellant's argument has merit. It is the opinion of the Court that the reprimand letter should state that the unprofessional conduct of which the attorney was found guilty consisted of the following: A civil trespass consisting of an entry into the burned remains of a building, through an unlocked door, without notice to or permission from the insured lessee of the building, and without identifying himself to the insured lessee as the insurer's representative.
The reprimand notice shall also reiterate the confidentiality of a private reprimand under Miss. Code Ann. § 73-3-343 (Supp. 1985) and its penalties for violation of that confidence.
AFFIRMED. *Page 302 
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS and ROBERTSON, JJ., concur.
DAN M. LEE and ANDERSON, JJ., not participating.
[1] The rules of discipline for the Mississippi State Bar were adopted September 7, 1983 and became effective January 1, 1984. Rule 29(a) of those rules states:
 From and after the adoption of these rules, all other rules or statutes pertaining to attorney disciplinary proceedings shall stand superceded by these rules, specifically excluded however, § 73-5-343 of the Mississippi Code of 1972, Annotated, as currently amended.
The proceedings involved in the present case, however, were instituted prior to the adoption of those rules. Therefore, this case will be governed by Miss. Code Ann. § 73-3-301 (Supp. 1985) et seq.