This case comes before us on the complaint of the Mississippi State Bar that Attorney K[1] has been guilty of misconduct within the meaning and contemplation of certain Disciplinary Rules of the Code of Professional Responsibility of the Mississippi State Bar. More specifically the Bar charges that Attorney K presented to the Chancery Court of one county a partition for removal of disabilities of minority of a minor child without disclosing (a) that the same petition had been denied by another chancellor or (b) that the minor was the ward of a guardianship being administered under the jurisdiction of another chancery court. Proceedings before the Committee on Complaints resulted in a recommendation that the attorney be found guilty of unprofessional conduct and given a public reprimand. From that decision, Attorney K prosecutes this appeal.
The dispositive question appears one of procedure. It is nevertheless fundamental. At the investigatory hearing Attorney K sought to have subpoenaed the chancery judge who is said to have been defrauded and deceived. Our review of the record convinces us that this chancery judge was an important witness in the case, if not the most important witness, from whom the Committee on Complaints should have heard in any event. All of this takes on added dimension as the record reflects hearsay statements from various parties concerning the chancery judge's view of the facts and, not surprisingly, those hearsay statements differ considerably. The record affirmatively reflects, however, that the entire Committee never heard from the horse himself.[2]
Attorney K's dispositive assignment of error is that he was denied the facility of the witness subpoena to compel the attendance of the trial judge. This we are told *Page 222 
violated rights secured to Attorney K under the Constitution and laws of the State of Mississippi as well as the Constitution of the United States.
Bar disciplinary proceedings are inherently adversary proceedings of a quasi-criminal nature. Levi v. MississippiState Bar, 436 So.2d 781, 783 (Miss. 1983). In the course of such proceedings there is secured to the accused attorney the right to due process of law. U.S. Const. Amend. 14, § 1; Miss. Const. Art. 3, § 14 (1890); Myers v. Mississippi State Bar,480 So.2d 1080, 1087 (Miss. 1985); A Mississippi Attorney v.Mississippi State Bar, 471 So.2d 1230, 1233 (Miss. 1985); AMississippi Attorney v. Mississippi State Bar, 453 So.2d 1023, 1028 (Miss. 1984); Netterville v. Mississippi State Bar,397 So.2d 878, 883-84 (Miss. 1981). Within the due process right so secured is the right of the accused attorney to have access to compulsory process for obtaining attendance of witness at critical stages of the disciplinary process. Cf. U.S. Const. Amend. VI; Miss. Const. Art. 3, § 26 (1890).
At the time in question our statute law provided that state bar disciplinary agencies had the "power to summons and examine witnesses under oath" and that all such "summons or subpoenas shall be issued by the clerk of the court". Miss. Code Ann. §73-3-307 (Supp. 1982); see also Mississippi State Bar v.Attorney-Respondent, Etc., 367 So.2d 179, 182 (Miss. 1979).
Though on its face the statute seems to implement the accused attorney's constitutional rights, two serious problems remain. First is the question of, who is the "clerk of the court"? The State Bar argues that the statutory language refers to the clerk of the Supreme Court, noting that inherent as well as statutory jurisdiction of all lawyer disciplinary proceedings are vested in this Court, see An Attorney v. Mississippi State Bar Ass'n.,481 So.2d 297, 300-01 (Miss. 1985); Levi v. Mississippi StateBar, 436 So.2d 781, 783 (Miss. 1983), and that the bar disciplinary agencies serve only as adjuncts to this Court. This view is correct and, as we understand it, the subpoena process in bar disciplinary proceedings is now administered by the clerk of this Court. This procedure was hardly clear four years ago which leads us to our more serious concern.
These proceedings were had in the fall of 1982. Without question at that time the policy of the Mississippi State Bar was that authority to issue subpoenas was discretionary with the Committee on Complaints. The Committee then had in effect a rule, furnished to Attorney K under the entitlement "Schedule and Procedure For Processing Complaints", which in pertinent part provided:
 No. 10. Complaint Counsel will not issue a subpoena for anyone until a report on this matter is submitted to the Committee on Complaints and the Committee directs Complaint Counsel to issue a subpoena.
[Emphasis supplied]
The Bar may no more vest in its Committee on Complaints such discretionary authority to withhold or issue a subpoena than might a circuit or chancery court.
It is undisputed that Attorney K, both verbally and in writing, requested the issuance of a subpoena for the chancery judge whom he is said to have deceived. It is undisputed that no such subpoena was issued and that the chancery judge did not appear before the Committee. It is undisputed and indisputable that this chancery judge was and is a witness crucial to the case.
In this setting we have no alternative but to hold that the proceedings against Attorney K had before the Committee on Complaints, upon the basis of which we are asked to adjudge him guilty of professional misconduct and order a public reprimand, were held in violation of due process rights secured to Attorney K by virtue of the Constitution of the United States and of the State of Mississippi and by Miss. Code Ann. § 73-3-307. The recommendation of the Mississippi State Bar is rejected without prejudice. The matter is referred back to the Committee on Complaints of the Mississippi State Bar for *Page 223 
further proceedings not inconsistent with this opinion.[3]
REMANDED TO COMMITTEE ON COMPLAINTS WITHOUT PREJUDICE.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ, and DAN M. LEE, PRATHER, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.
[1] For reasons as obvious as they are statutory we employ the fictitious label "Attorney K" that public disclosure of the names of the attorney here charged might be avoided. Miss. Code Ann. §73-3-343 (Supp. 1985); Mississippi State Bar v.Attorney-Respondent, Etc., 367 So.2d 179 n. 1 (Miss. 1979).
[2] Apparently, the proceedings before the chancery judge where Attorney K presented the minority disabilities removal petition were ex parte and no transcript of same was made or has been preserved.
[3] Much in Attorney K's brief argues that he was further entitled to cross-examine the chancery judge. This is a matter separate from Attorney K's right to compulsory process to secure the attendance of the witness. A party may of right have access to the subpoena power to obtain attendance of many witnesses he has no right to cross-examine but must interrogate via non-leading questions. At rehearing once the chancery judge's attendance has been secured the appropriate bar disciplinary agency will determine under the law and the facts then appearing whether Attorney K may cross-examine.