627 So.2d 355 (1993)
Charles E. BEATTY,
v.
STATE of Mississippi.
No. 90-CA-1325.
Supreme Court of Mississippi.
November 24, 1993.
Mose Lee Sudduth, Jr., Columbus, for appellant.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
PITTMAN, Justice, for the Court:
On August 14, 1986, following a search of his property, Charles E. Beatty was charged with the possession of illegal gambling devices pursuant to Miss. Code Ann. § 97-33-7 (1972 & Supp. 1992) in the Justice Court of Lowndes County. Beatty initiated an action for recovering his property by filing a Motion for Return of Seized Evidence, claiming they were seized pursuant to a defective search warrant. The Lowndes county court denied this Motion and ordered that the sixteen (16) machines be destroyed. The Circuit Court of Lowndes County affirmed the county court's decision and remanded the cause to the county court for destruction of the machines. From that decision, Beatty has appealed to this Court. Finding that the lower court in considering this action and rendering its decision did not have available the explicit exception for antique slot machines as found in Miss. Code Ann. § 27-27-12 (Supp. 1992), we reverse and remand for a determination as to whether the machines owned by Beatty comport with the age requirements set forth in the amended statute.

*356 FACTS

In August of 1986, sixteen (16) slot machines found stored in an out building on Beatty's property in Lowndes County were seized by authorities. On February 5, 1988, a bench trial was held in the county court on Beatty's Motion for Return of Seized Evidence. The court overruled the Motion and ordered the machines destroyed pursuant to Miss. Code Ann. § 97-33-7 (1972 & Supp. 1992). The county court in issuing its memorandum opinion relied on the stipulation entered into by the County Prosecutor and Beatty. The stipulation set forth the facts and comprised the entire record of the county court proceedings:
[T]he sixteen (16) slot machines in question were not being used by the Defendant herein for the purposes of illegal gambling. That said machines were located in a locked storage room in a locked warehouse with no money in them and without the money drawers inserted.
That said machines were purchased by the Defendant herein for the purpose of being made into novelty items for resale by Defendant, who has no connection with the amusement business.

I.
DID THE LOWER COURT ERR IN NOT DETERMINING WHETHER THE SLOT MACHINES IN QUESTION WERE IN FACT CONTRABAND?
WAS APPELLANT DENIED HIS PROPERTY WITHOUT DUE PROCESS BY THE LOWER COURT ORDERING THEIR DESTRUCTION WITHOUT SUCH A DETERMINATION?
The case sub judice was initiated in 1986 and the exception to the prohibition of slot machine ownership (as set out in § 97-33-7) became effective on July 1, 1992, that exception being codified in § 27-27-12. It follows that the forfeiture action against Beatty may or may not be appropriate under the terms of § 27-27-12. Beatty stipulated that the machines were indeed "gambling devices" as contemplated by the statute. The parties also stipulated that said machines "were not being used by the defendant herein for the purposes of illegal gambling." This is gleaned from the findings of the lower court as contained in its memorandum opinion:
It is not disputed that the seized slot machines were by their nature gambling devices. The defendant does not contend that the seized slot machines were pinball machines or non-gambling devices. Rather defendant contends that because the slot machines were not being used for gambling purposes they are not subject to confiscation and destruction pursuant to Miss. Code Ann. Section 97-33-7 (1972).
At the time the trial court rendered its decision, § 27-27-12 of the Mississippi Code had yet to be enacted. This section provides an explicit exception from § 97-33-7:
§ 27-27-12. Antique coin machines.
(1) The purpose of this section is to protect and foster the collection and restoration of antique coin machines not used for gambling purposes, due to their aesthetic value and significance in Mississippi history.
(2) An "antique coin machine" is defined as any mechanical device or contrivance that is twenty-five (25) or more years old and that is operated, played, worked, manipulated or used by inserting or depositing any coin, slug, token, or thing of value, in which any game may be played or in which may been seen any picture or heard any music or any form of diversion had, including, but not limited to, an antique slot machine, antique gambling device or antique gaming machine.
(3) An antique coin machine may be owned and possessed in this state and shall not be subject to confiscation or destruction without a judgment of court as provided for in this section, but may be seized as evidence when operated for unlawful gambling purposes.
(4) An antique coin machine seized as evidence in connection with unlawful gambling shall not be destroyed, altered or sold until the owner has been afforded a reasonable opportunity to present testimony and other evidence in court that the machine was not operated for unlawful gambling. If the court determines by a *357 final and definitive judgment that such machine was operated for unlawful gambling, the court shall order the destruction of such machine, but if the judgment is in favor of the owner, such machine shall be returned to its owner.
(5) An antique coin machine may be displayed only in private dwellings or while being offered for sale by a licensed retail dealer other than one licensed to sell alcoholic beverages. Such machine must be clearly marked by placard or otherwise that indicates that it is an antique and is not to be used for gambling purposes. If an antique coin machine is displayed in any other manner, it shall not be subject to the provisions of subsections (3) and (4) of this section.
Miss. Code Ann. § 27-27-12 (1992).
The above statute provides for an inquiry as to whether the owner of the sixteen slot machines was afforded the opportunity to present testimony or evidence to show that the machines were not being used in connection with unlawful gambling activities. No blame can be placed on the lower court judge for this because at the time he determined that the machines should be seized and destroyed, § 27-27-12 had not yet been enacted by the legislature. At that time, mere possession of slot machines warranted seizure and destruction of these contraband items. Therefore, neither a determination of the age of the machines nor in what context they were being used was relevant.
With the passage of § 27-27-12, the owner of slot machines is allowed to establish both the age of the machines as well as prove that they were not used for unlawful gambling activities.
Upon examination of the legislative history surrounding both the introduction and subsequent passage of § 27-27-12, and the amendment of § 97-33-7, it is clear that § 97-33-7 has been modified by the Legislature. Section 97-33-7, amended in 1992 reads in part:
§ 97-33-7. Gambling devices defined; prohibition; pin ball machines; exceptions.
(1) It shall be unlawful for any person or persons, firm, copartnership, or corporation to have in possession, own, control, display, or operate any cane, rack, knife rack, artful dodger, punch board, roll down, merchandise wheel, slot machine, pinball machine, or similar device or devices. Provided, however, that this section shall not be so construed as to make unlawful the ownership, possession, control, display, or operation of any antiques coin machine as defined in § 27-27-12. ... [Emphasis supplied].
Miss. Code Ann. § 97-33-7 (Supp. 1992)
The stipulation between the parties states that the slot machines were not being used in connection with unlawful gambling activities when they were seized pursuant to § 97-33-7. Thereafter § 27-27-12 was enacted. An amended act is ordinarily construed as if the original statute had been repealed, and as far as any action after the adoption of the amendment is concerned, as if the statute had been originally enacted in its amended form. Stone v. Independent Linen Service Co., 212 Miss. 580, 55 So.2d 165 (1951); McCullen v. Sinclair Refining Co., 207 Miss. 71, 41 So.2d 382 (1949). This Court in Stone reiterated the law set forth in Deposit Guaranty Bank & Trust Co. v. Williams, 193 Miss. 432, 9 So.2d 638 (1942):
Many decisions in this state have affirmed the rule, which generally prevails, that the effect of a repealing statute is to abrogate the repealed statute as completely as if it had never been passed, and that a statute modifying previous statute has the same effect as though the statute had all the while previously existed in the same language as that contained in the modified statute, unless the repealing or modifying statute contains a saving clause. [Citations omitted]
Stone, 212 Miss. 580, 586-8, 55 So.2d 165, 168, quoting Deposit Guaranty, 193 Miss. 432, 438, 9 So.2d 638, 639.
Absent from §§ 97-33-7 and 27-27-12 are any specific savings clauses. In addition, the case sub judice is such that it has not proceeded to final judgment. Under the common law, if a statute is unconditionally repealed without a savings clause in favor of pending suits, all pending proceedings thereunder are terminated. See State ex rel. Arnold *358 v. Revels, 109 So.2d 1, 3 (Fla. 1959); South Carolina v. Gaillard, 101 U.S. 433, 438, 25 L.Ed. 937, 939 (1879); 73 Am.Jur.2d, Penalties and Forfeitures § 389.
This Court in State ex rel. Pittman v. Ladner, 512 So.2d 1271 (Miss. 1987), considered the effect of an amended or repealed statute on existing causes. This Court stated: "[b]ecause the statute has been changed, and because this Court is obliged to act consistent with a rational reading of the legislative declaration, we have as a matter of reason, precedent and choice determined that we should stay our hand from enforcement of that which has been repealed." Ladner, 512 So.2d at 1276-77. [Emphasis supplied]. This Court, in summarizing the law, determined that:
[I]n litigation between the state and an individual, where the operative statute has been repealed or amended and the litigation arises out of a pre-repeal, pre-amendment transaction or occurrence, the individual may claim and be given the benefit of the prior law in effect at the operative time where he regards it more favorable to him. But the converse is not necessarily so. Unless the state holds a contract or otherwise has a vested right, a repealed or amended statute will ordinarily not be enforced against an individual where he regards it as less favorable to him.
Ladner, 512 So.2d at 1277.
"When cases are in the bosom of this Court and there is involved a statute that is modified prior to a final decision of this Court, we take that modification into consideration." Bell v. Mitchell, 592 So.2d 528 (Miss. 1991), citing Parker v. Bailey, 437 So.2d 33 (Miss. 1983).
This Court has also stated that an amendment to a statute should be treated as though it had been a part of the original statute. City of Clarksdale v. Miss. Power & Light Co., 556 So.2d 1056, 1057 (Miss. 1990).
The application of Section 27-27-12 and the resultant amendment to Section 97-33-7 is not a charitable raising of an issue not raised but is a necessary application of existing law to which the appellant is entitled. We simply cannot apply the law as it was and is not anymore. Further, the concurring opinion suggests that the majority violates Miss. Code Ann. § 11-51-81 (1972) (the three court rule). Suffice it to say that, Beatty's sole issue on appeal concerns a violation of his due process rights and that the Circuit Judge stayed execution of the Order to seize and destroy Beatty's property and by Order (not contested by the State) allowed an appeal to this Court, all in complete compliance with Section 11-51-81.
Finally, while the concurrence suggests that the majority failed to address Beatty's constitutional issue, it ignores the fact that Beatty's due process remains an issue pending a final determination as to whether the machines fall within the explicit exception provided for in § 27-27-12. The concurring opinion also overlooks the fact that the State at no time raised the issue surrounding the perfection of the present appeal.
Section § 27-27-12, according to its own terms, was enacted to protect and preserve the slot machine's place in this state's history. Therefore, it is necessary that this case be remanded to the lower court for consideration consistent with § 27-27-12. If the owner can show that the seized slot machines are at least twenty-five years old and are not connected with any unlawful gambling activities, then the machines should be returned to the owner pursuant to § 27-27-12. It would appear ludicrous for this Court to blindly follow § 97-33-7 of the Code as it existed in 1986 and act as though we did not know the law, as adopted by the Legislature in 1992. Therefore, we reverse and remand for further findings due to the fact that § 99-33-7, as amended, no longer makes "antique" slot machines automatically subject to forfeiture proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs with separate written opinion joined by DAN M. LEE, P.J., and SMITH, J.
PRATHER, P.J., not participating.
*359 McRAE, Justice, concurring:
I reluctantly concur with the majority opinion. I write to note what has and has not happened in this case.
We are retroactively applying a statute enacted in July, 1992, to a civil trial which occurred in 1986. Beatty has not raised before us, or any of the lower courts, the issue on which we are reversing this case. He has not put on any evidence to support this issue, nor has the statute under which the property was seized been amended or repealed. Moreover, we are not invoking the "three-court rule" statute, we have only winked at it.
This case was initiated in a Justice Court of Lowndes County, appealed to the County Court and then to the Circuit Court of Lowndes County. Miss. Code Ann. § 11-51-81 (1972) (the three-court rule) states:
All appeals from courts of justices of the peace, special and general ... shall be to the county court... . Provided that where the judgment or record of the justice of the peace, municipal or police court is not properly certified, or is not certified at all, that question must be raised in the county court in the absence of which the defect shall be deemed as waived and by such waiver cured and may not thereafter be raised for the first time in the circuit court on the appeal thereto; and provided further that there shall be no appeal from the circuit court to the supreme court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the supreme court. (emphasis added).
The issue the majority has raised in the case sub judice is not a constitutional issue, but one raised out of our benevolence. The statute clearly states that an appeal can only be allowed from the circuit court to this court on a constitutional issue after permission is granted by the circuit judge or a judge of this Court. The appellant has not raised the question of due process. It only exists in the minds of the majority as an issue of "constitutional importance." Appellant's only issue is whether the court should have determined the machines were "contraband," to which he stipulated. Therefore, no determination by the lower court was necessary. Perhaps we should declare the three-court rule unconstitutional since, under that statute, only one judge, instead of nine, acts on all issues.
The issue of whether the slot machines involved in this case are "antique" was never raised by the appellant in the justice court, county court or circuit court, nor has it been raised on appeal to this Court. There is nothing in the record to indicate the age of the slot machines involved in this case, or whether they are antique. The appellant has not made any effort to supplement the briefs or even attempted to add this issue to his appeal.
Beatty even stipulated that the slot machines were gambling devices within the meaning of Miss. Code Ann. § 97-33-7 (1972 and Supp. 1992). Miss. Code Ann. § 97-33-7 is still effective and illegal possession of slot machines does not give one title to the property. That part of the statute has not been amended. Under a recently enacted statute, Miss. Code Ann. § 27-27-12 (Supp. 1992), an individual may possess a slot machine, if the slot machine is an antique more than twenty-five (25) years old.
But for this Court's benevolence, the case would have been affirmed. However, we are ignoring all of the above and remanding the case to allow Beatty to have a fourth "bite of the apple" by giving him the opportunity to put on proof and evidence as to whether these machines are antique. I reluctantly concur in order that I might write another day.
DAN M. LEE, P.J., and SMITH, J., join this opinion.