I agree with the majority insofar as it holds that bar disciplinary matters are not criminal proceedings. Accordingly, I would be reluctant to hold that the right to a speedy trial, as explained in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is applicable in disciplinary situations. This is not to say, however, that attorneys subjected to disciplinary proceedings have no interest in a speedy resolution of the complaints filed against them. Because I firmly believe that due process and fundamental fairness require that these matters be resolved in an expeditious fashion, I must dissent.
That due process must be afforded to attorneys in disciplinary proceedings is beyond peradventure. See Netterville v.Mississippi State Bar, 397 So.2d 878 (Miss. 1981). As this Court has recently stated:
 We have repeatedly held that attorneys who are accused in bar disciplinary proceedings have the right to due process of law, Attorney K. v. Mississippi State Bar Association, 491 So.2d 220, 222 (Miss. 1986); Myers v. Mississippi State Bar, 480 So.2d 1080, 1087 (Miss. 1985) Netterville v. Mississippi State Bar, 397 So.2d 878, 883-84 (Miss. 1981), although it is not at all clear that attorneys would be without this right if disciplinary proceedings were regarded as wholly civil in nature.
Mississippi State Bar v. Young, 509 So.2d 210, 212 (Miss. 1987).
The majority errs by ignoring this attorney's due process right to a speedy resolution of the proceeding against him. Instead, the majority myopically focuses on the interplay between Rule 8.1 and Rule 26.
Rule 8.1 of the Mississippi Rules of Discipline clearly provides that proceedings "shall be completed within 180 days from the date of the designation of the tribunal, unless extended by the court on motion of either party for good cause shown."
Rule 26 provides, in pertinent part:
 References to time within these rules and procedural sections are directory and not jurisdictional. Time limitations are administrative, not jurisdictional; however, the time for filing appeals or seeking reinstatement shall be jurisdictional. Failure to observe directory time interval may result in contempt of the agency having jurisdiction but will not justify abatement of *Page 376 
any disciplinary investigation or proceeding.
In my estimation, the remedy provided by Rule 26 is woefully insufficient as a safeguard for the due process right to a speedy resolution of disciplinary proceedings.
I would interpret Rule 8.1 as a requirement and hold that violations without a finding of good cause require dismissal of the complaint. Accordingly, I would affirm the ruling of the Complaints Tribunal in the case sub judice.
McRAE and JAMES L. ROBERTS, Jr., JJ., join this opinion.