I agree with Presiding Justice Lee's opinion that Rule 8.1 of the Mississippi Rules of Discipline is a requirement rather than a directive, thus finding that a dismissal of a complaint must be required where violations occur and no good cause is shown. I, however, travel another road in refuting the majority regarding other points and issues it discusses, particularly the finding that disciplinary proceedings are not quasi-criminal.
True, a disciplinary proceeding is not an actual criminal proceeding; however, the stare decisis of this Court has been for years that such a proceeding is "quasi-criminal" in nature. "It is certainly true that we have heretofore considered bar disciplinary proceedings inherently adversary and of a quasi-criminal nature and have labeled them as such."Mississippi State Bar, 509 So.2d 210, 212 (Miss. 1987). SeeAttorney Q v. Mississippi State Bar, 587 So.2d 228, 231 (Miss. 1991); Mississippi State Bar v. Attorney L, 511 So.2d 119, 121-22 (Miss. 1987); Attorney K v. Mississippi State BarAssociation, 491 So.2d 220, 222 (Miss. 1986); In re InquiryConcerning Garner, 466 So.2d 884, 886 (Miss. 1985); Walls v.Mississippi State Bar, 437 So.2d 30, 32 (Miss. 1983). The majority today departs from our previous holdings stating that a disciplinary proceeding is not quasi-criminal and, therefore, finding that the tribunal erred in applying the Barker factors. This clearly is not the case as these proceedings have always been quasi-criminal. The majority, however, fails to overrule any of this Court's previous cases, holding that such proceedings are quasi-criminal, and also fails to sanction the Bar for not filing for an extension of time.
The majority is inconsistent with its use of Rule 26. It implements Rule 26 when lawyers wish to use it, but refuses to execute Rule 26 when the Bar presses forward with a case. The majority finds comfort in Rule 26, saying that all rules are directory and not jurisdictional, and it, with ease, looks over that portion of the rule that states: "Failure to observe directory time intervals may result in contempt of the agency having jurisdiction . . ." Rule 8.1 provides:
 Within ten (10) days following the designation of a Complaint Tribunal, the presiding judge shall establish a tentative schedule for discovery, motion hearings and rulings, trial and adjudication, all of which shall be completed within one hundred and eighty (180) days from the date of the designation of the Tribunal, unless extended by the Court on motion of either party for good cause shown. (Emphasis added.)
The word "shall" obviously has no further meaning than "will" or "may." The majority is lax in adhering to Rule 8.1 since the Bar never filed for an extension of time. The Bar clearly knows these rules as it uses them to discipline attorneys, but when an attorney attempts to employ these same rules, he is chastised. The majority states: "It is unseemly for a member of the Bar to assert and argue a criminal defense in a hearing concerning a professional misconduct charge." The majority denies an attorney the right to argue a technical defense, i.e., the rules regarding a speedy disposition of a matter before the Complaint Tribunal. The Bar, however, is permitted to use technical devices such as default judgments when an attorney fails to timely file a response. The majority takes an unjust position as it finds that the Mississippi Rules of Discipline are directory and not mandatory. A fair system should be in place where an attorney can utilize the rules as well as the Bar. An attorney should not be denied the use of the rules. If Rule 8.1 and the other litany of rules, Rules 2, 5, 5.1, 10.6, 8.1, mean what *Page 377 
they say regarding a speedy disposition of matters before the Complaint Tribunal, then we should do no less than apply these rules to the case at hand. If not, we should change the rules to state: "The Bar gets everything, and the lawyer gets nothing." In any other profession, rules which apply can be used by all, but here, we instruct a lawyer that he cannot use the rule or it is "unseemly" that he attempt to use it. Query: Why have rules?
Rule 8.1 states emphatically that the case shall be completed within 180 days from the Complaint Tribunal's designation unless either party timely files a motion showing good cause for an extension. Is this not the same analogy as the 270-day rule in criminal cases? All that was necessary was for the Bar to file a motion for time and give a legitimate reason for an extension. Failure to do so constitutes a dismissal under our 270-day rule and should constitute a dismissal in a disciplinary proceeding as well.
The majority states no prejudice exists due to the long period of time. To the contrary, the sheer fact that a Bar complaint has been filed against an attorney gives nothing to that attorney but cold chills and nightmares until the matter is resolved. A Bar complaint is indeed prejudicial to an attorney as he remains in purgatory until the matter is finally resolved.
For these reasons, I disagree with the majority, and if this Court does not wish to apply the rules equally then we need to "tear them out of the book" or delete them and have one that simply states: "The Bar can do no wrong; lawyers have no rights, and everything will be subjective as it applies against the lawyer."
I can find nothing in the state and federal constitutions, Mississippi case law, Rules of Professional Conduct or Rules of Discipline stating an attorney loses the rights afforded to all when he or she takes the oath to practice law. Accordingly, I dissent.
DAN M. LEE, P.J., joins this opinion.